Mayor and Aldermen of Huntsville v. Phelps.

MAYOR AND ALDERMEN OF HUNTSVILLE *vs.*
PHELPS.

[SUMMARY PROCEEDING FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *By-law imposing discretionary fine within fixed limits not void.*—A by-law of a municipal corporation, within the powers granted by its charter, is not rendered void for uncertainty, because the amount of the penalty imposed for its violation is left discretionary, within fixed limits, (*e. g.* "not exceeding fifty dollars,") with the municipal court. (Overruling Mayor and Aldermen. of Mobile v. Yuille, 3 Ala. 137, as to third head-note.)

APPEAL from the Circuit Court of Madison.
Tried before the Hon. THOMAS A. WALKER.

THE appellee (James F. Phelps) was arrested under the warrant of the mayor of Huntsville, on a charge of fighting. within the corporate limits of the town, and was fined thirty dollars. From the decision of the mayor he took an appeal to the Circuit Court, where a complaint was filed against him, in the name of the mayor and aldermen, in these words : "The plaintiffs claim of the defendant thirty dollars, for quarreling and fighting within the limits of the corporation of said town, in violation of the by-laws of said corporation." To this complaint the defendant pleaded, 1st, that he did not quarrel and fight within the limits of said town in violation of any by-law thereof" ; and, 2d, "that the by-law under which he was fined is void for uncertainty."

On the trial, the plaintiffs read in evidence the charter of the town of Huntsville, approved January 16, 1844, (for charter in full see Pamphlet Acts 1843-4, p. 153,) the fifth section of which confers on the mayor, within the corporate limits of the town, the same civil and criminal jurisdiction which a justice of the peace has in the county ; and then read, from a code of laws adopted in 1850, an ordinance in these words : "Be it enacted," &c., "that if any person shall be found quarreling, wrestling, fighting, or otherwise misbehaving in a disorderly manner, within the limits of the corporation, he, she, or they, on conviction thereof, shall forfeit

and pay to the use of the corporation a fine not exceeding fifty dollars ; and it shall be the duty of the constable, in all such cases, to arrest the offenders, *ex officio*, and bring them before the mayor." It was further proved, " that the defendant, within the limits of the corporation, a short time before the institution of these proceedings, commenced a quarrel with one James J. McKibben, in the progress of which he struck the said McKibben several blows, and drew a knife, which he held over him at the time."

"This being all the evidence, the defendant then asked the court to charge the jury, that the plaintiffs could not recover of the defendant, because the said by-law read in evidence was void, for the reason that the penalty thereof was uncertain, and that it was left to the mayor to fix the amount thereof in each case. This charge the court gave, under the authority of Mayor, &c., of Mobile v. Yuille, 3 Ala. 137 ; to which the plaintiffs excepted."

This ruling of the court is now assigned for error.

ROBINSON & JONES, for the appellant, contended, that Yuille's case, 3 Ala. 137, is not a correct exposition of the law ; that the authorities cited by the text-writers there referred to do not sustain their position ; that they have been overruled by the recent case of Peper v. Chappell, 14 Mees. & W. 623, where the decision was in favor of the validity of the by-law ; that the reason of the rule—viz., that it makes the corporation a judge in its own case—is entitled to no consideration, since it is equally applicable to all other cases over which the municipal court has jurisdiction under its charter, while the right of the mayor to sit in such cases has been often recognized by this court ; that the discretionary power reposed in the mayor is reasonable and necessary, as it enables him to graduate the penalty according to the circumstances of each case ; and that it is analogous to other provisions of our statutes, by which similar powers are entrusted to courts and juries, and is sustained by the universal understanding and practice of municipal corporations. They cited Peper v. Chappell, 14 Mees. & W. 623 ; Town of Marion v. Chandler, 6 Ala. 889 ; 14 *ib.* 400 ; 19 *ib.* 707 ; 21 *ib.* 577 ; 23 *ib.* 722 ; Code, §§ 3619, 3620 ; Ordinances of New

Orleans, pp. 39 to 42; Ordinances of Baltimore, pp. 164, 167; Ordinances of Nashville, pp. 157, 166, 167 : Ordinances of Charleston, pp. 3, 17, 26, 86; Ordinances of Savannah, pp. 179, 180, 456.

J. W. CLAY, *contra*, cited and relied on Yuille's case.

CHILTON, C. J.—Just legislation requires that the punishment should be proportioned to the offence which is denounced, and any principle which forestalls such legislation is not founded in wisdom and sound policy. We have a number of instances furnished by our criminal code, where the courts and juries are vested with a liberal discretion in the apportionment of fines and imprisonment, so as to adjust them to the particular circumstances attending the commission of offences, and thus to carry out the great objects of the law, the peace of the community, the prevention of crimes, and the reformation of offenders.

In the case before us, it is not denied that the municipal corporation had the right, under its charter, to impose a fine; but it is insisted, that the by-law is void for uncertainty, upon the authority of The Mayor and Aldermen of Mobile v. Yuille, 3 Ala. R. 137. In that case, as in this, the by-law authorized the infliction of a penalty not exceeding fifty dollars, and it was held void. The court said, the penalty must be a sum certain, and cannot be left to the arbitrary assessment of the corporation court, to be determined according to the nature of the offence. The court further add, "The reason assigned is, that it permits the corporation to be a judge in its own case"; citing Angell & Ames on Corporations, p. 200, and Wilcox on Municipal Cor. 152, § 308.

These two elementary writers certainly sustain the view taken by the court in the case cited; but when the cases are examined upon which they rest, it will be found that they do not sustain them, except perhaps the case of Wood v. Searl, Bridgman's Rep. 139; and this case we do not think can be supported, so far as it rests upon the uncertainty of the law. Indeed, the Court of Exchequer, in Peper *et al.* v. Chappell, 14 Excheq. 623, has virtually departed from that case, and has affirmed the validity of a by-law substantially the same in principle with the one before us.

That the corporation is made the judge in its own case, is no objection, since it applies equally whether the penalty is for a specific sum, or fixed within certain limits. The question whether the ordinance has been violated, is to be determined, in either case, by the corporation. The penalty is any sum less than fifty dollars. A reasonable discretion is given, to be exercised within certain limits; and we can see no objection which could be urged to such a by-law, which could not, with equal propriety, be made to any law investing courts or juries with discretion in apportioning the fine to the offence, being restricted within reasonable bounds.

The power of making just discriminations, so as to advance the ends of justice, and mete out to every violation of the law a punishment proportioned to its demerits, should reside somewhere; and since the charter invests the corporation with the power to pass such by-law, and to create proper sanctions, we do not conceive that the law in question is at all unreasonable, or uncertain, in that sense which renders it void.

It will be observed, that we do not consider the case of The Mayor, &c. v. Yuille, 3 Ala. 137, as a correct exposition of the law, as declared in the 3d head-note to that case; and to this extent it is overruled.

Let the judgment be reversed, and the cause remanded.