## SHELTON *vs.* MAYOR OF MOBILE.

[PROCEEDING FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *Validity of by-law prohibiting sale of meats except at market.*—An ordinance, prohibiting, under a penalty of $20, "all hawking and peddling about the streets of the city of meat, game, or poultry," is authorized by the charter of the city of Mobile, and is neither unreasonable, unconstitutional, nor against common right.

2. *By-law partly void.*—Where a by-law consists of several distinct and independent parts, some of which are void because not authorized by the charter, this does not affect the validity of the other independent provisions.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE appellant in this case was fined $20 by the mayor of the city of Mobile, for an alleged violation of a municipal ordinance, which prohibited, under a penalty of $20 for each offense, "all hawking and peddling about the streets of the city of meat, game, poultry, vegetables, or any other article or commodity usually sold or vended in the market." On the trial in the city court, to which the defendant removed the case, "the plaintiff proved that the defendant, after the passage of said ordinance, peddled meat in the city of Mobile, on Royal street, not in the suburbs of the city. The defendant then offered to prove, that there were but two regular markets in the city of Mobile; that the corporate limits of the city extended about two miles west of one, and a mile or a mile and a half from the other, and about two miles north and south of both markets; that many persons, residing in the corporate limits, were unable to get to either market, to provide for themselves and their families meats, vegetables, and other articles usually sold in market, and unable to employ any one to do their marketing for them. The plaintiff objected to this evidence, and the court sustained the objection; to which the defendant excepted. The defendant then contended, before the court, that

said ordinance was void, because it was repugnant to the charter, and because it was unreasonable, oppressive, and tended to deprive those who could not go to market themselves, nor had others to do so, of the ordinary comforts of life. The court overruled the defendant in both aspects, and decided that said ordinance, so far as it relates to prohibing the sale of meat, poultry, fish, and game, other than in the public markets, was not void, nor unreasonable, but was valid, so far as to punish the defendant for the act of having sold meat on Royal street, in the thickly settled part of the town, and not in the suburbs where the inconvenience of the ordinance was felt. To this ruling of the court, on both points, the defendant excepted."

E. S. DARGAN, for the appellant.

JNO. T. TAYLOR, *contra.*

WALKER, J.—We do not assent to the argument of appellant's counsel against the validity of the ordinance, under which the fine in this case was inflicted. We do not deem it violative of the constitution, or of common right, or void because it is unreasonable. It does not prohibit the exercise of a right, but regulates it. This ordinance may be sustained by the same argument by which Mr. Justice Ormond maintained the constitutionality and reasonableness of an act authorizing the corporation of Mobile to license bakers, to regulate the weight and price of bread, and prohibit the baking for sale, except by those licensed. We refer to that argument, reported in the case of the Mayor and Aldermen of Mobile v. Yuille, 3 Ala. 137, which is not overruled in this respect by the Mayor and Aldermen of Huntsville v. Phelps, 27 Ala. 55, as covering the disputed ground in this case.

The decision as to the constitutionality of the statute regulating the mode of carrying arms, also, contributes to maintain the validity of the ordinance.—State v. Reid, 1 Ala. 612. See also the cases of Respublica v. Duquet, 2 Yeates, 493; Wadleigh v. Gilman, 12 Maine, (3 Fair,)

403, in which the constitutionality of municipal legislation prohibiting the erection of wooden buildings in cities is maintained; City Council of Montgomery v. Hutchison, 13 Ala. 573. We find nothing unreasonable in the ordinance. On the contrary, it is a regulation to which the convenience and welfare of most (if not all) cities have required them to resort.

The corporation has, in its charter, express power to prohibit the sale of meats, poultry, fish, and game, except at the public market. If it has not the power under the charter to make the same prohibition as to things not included in the express authority, (a point which we do not decide,) the ordinance would not be void as to those things within the charter, because it is as to those without the charter. The rule is, that if a by-law consist of several distinct and independent parts, although one or more of them may be void, the rest are equally valid as though the void clauses had been omitted.—Wilcock on Cor. 161, § 389; Mobile v. Ohio R. R. Co. v. The State, 29 Ala.

The judgment of the court below is affirmed.