Case 11.—PROHIBITION PROCEEDING BY WILLIAM MOODY
AGAINST THE CITY OF WILLIAMSBURG, &c., TO TEST
THE VALIDITY OF A CITY ORDINANCE FIXING THE
COMMISSIONS ON FINES OF THE CITY ATTORNEY.—
September 27.

## Moody v. City of Williamsburg, &c.

Appeal from Whitley Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendants. Plaintiff appeals. Reversed.

1. Ordinances—Powers of City to Pass—Attorney's Fees—The action of a city of the fifth class, by its council, in passing an ordinance imposing a docket fee of $2.50 in favor of the city attorney, where the fine imposed is less than $10, is invalid. There is no express warrant of law for such fee.

2. Validity of Ordinance—Writs of Prohibition—Right of Appeal—Under sec. 3639, Ky. Stats., the validity or constitutionality of any city ordinance, by law or rules of fifth class cities, may be tried by a writ of prohibition from the judge of the circuit court in which such city lies, with right of appeal by either party to the Court of Appeals.

C. W. LESTER for appellant.

A city council can pass no ordinance unless clearly permitted and authorized by the charter. It is the policy of the law to require of municipal corporations a strict observance of their powers; any doubt or ambiguity arising out of the terms used by the Legislature in making a grant of power must be resolved in favor of the public, and a power can not be exercised, where it is not clearly comprehended within the words of the act, or derived therefrom by necessary implication.

### AUTHORITIES CITED.

Ky. Stats., sec. 3637, sub-secs. 1 to 9; Am. & Eng. Ency. of Law, vol. 15, p. 1041; Kniper v. City of Louisville, 7 Bush, 599; Henderson, &c. v. City of Covington, 14 Bush, 312.

Moody v. City of Williamsburg, &c.

SHARP & SILER for appellee.

1. Sub-secs. 5 and 7, sec. 3637 of the Ky. Stats., confers upon the general council of cities of the fifth class the power to impose fines and penalties for any and all violation of ordinances, etc.; to fix the penalty by fines or imprisonment, or both, and to do and perform any and all acts and things necessary and proper to carry out the provisions of this chapter.

2. It is provided in sec. 3623, Ky. Stats., "that the city attorney shall receive at stated times a compensation, to be fixed by ordinance by the city council."

Sec. 133, Ky. Stats., provides that "in all transactions before any police magistrate, when the county attorney is present and prosecuting the offender, he shall receive from the State treasury 30 per cent., etc., of fines, which shall be in lieu of all taxed fees and perquisites—except when the judgment is for less than $10, a fee of $5 shall be taxed as costs and belonging to him."

3. Under these provisions we contend that the general council has power to pass an ordinance directing the police judge to tax an attorney's fee against the offender when the punishment is fixed at less than $10. This does not place upon him more than should the county attorney prosecute the case.

OPINION BY JUDGE BARKER—Reversing.

Williamsburg, Ky., is a city of the fifth class. Among the ordinances ordained by its board of council is No. 56, fixing and regulating the compensation of the city attorney, prescribing that he shall receive 50 per cent. of all judgments for fines and forfeitures rendered in the police court, either for the benefit of the Commonwealth or the city, "except that, when a judgment is for less than $10, a fee of $2.50 shall be taxed as costs, and belong to him."

The appellant, William Moody, was tried in the police court of Williamsburg for the offense of drunkenness, and adjudged to pay a fine of $1 and the cost of the prosecution, the whole amounting to the sum of $6.35, which included the sum of $2.50 city attorney's fee as provided in the ordinance. This judgment he replevied, and was released from custody. The replevin bond being about to fall due,

he instituted this action to test the validity of the ordinance in question, in so far as it authorized the imposition of the sum of $2.50 for the benefit of the city attorney. This proceeding seems to be authorized by sec. 3639, Ky. Stats. 1903, which provides that "the validity or constitutionality of any city ordinance, by-law or rules of the fifth-class cities, shall be tried by a writ of prohibition from the judge of the circuit court in which said city is located, with right of appeal by either party to the Court of Appeals." Without setting forth in detail the allegations of the petition, it is sufficient to say that the pleading states a cause of action, if the question of law sought to be maintained by appellant is sound.

Police courts of cities of the fifth class are established by sec. 3651, which confers jurisdiction upon them concurrent with justices' courts for all actions and proceedings, civil and criminal, except that in criminal cases the jurisdiction is confined to cases occurring within the city; and they are given exclusive jurisdiction of all actions for the recovery of fines, penalties or forfeitures prescribed for breach of the city ordinances. "The rules of practice and mode of proceedings in such police court shall be same as are or may be prescribed by law for justices' courts, and appeals may be taken from all judgments of said police courts in the time and manner and where the amount in controversy authorizes appeals from justices' courts."

Sec. 3652 confers upon the judges of the police court the right to charge and receive the same fees as are or may be allowed to county judges for services rendered in the quarterly court. Sec. 3623 provides that "the clerk, treasurer, assessor, marshal and city attorney shall severally receive at

stated times a compensation, to be fixed by ordinance by the city council, which compensation shall not be changed after their appointment or during their several terms of office." Sub-sec. 5 of sec. 3637 confers upon the general council the right to impose fines, penalties and forfeitures "for any and all violations of ordinances, and for any breach or violation of any ordinance; to fix the penalty by fine or imprisonment, or both; but no such penalty or fine shall exceed one hundred dollars nor the terms of imprisonment exceed fifty days."

It will be observed that there is no express authority for the imposition of an attorney's fee in favor of the city attorney, to be charged as a part of the costs. The city council have the right and power to pass general ordinances imposing fines for the violation of city ordinances, and they undoubtedly have the right, when these fines and forfeitures are covered into the treasury, to pay the city officers from the fund so created, as seems to have been done in the main by the ordinance under consideration; but there is certainly no express warrant of law for the attorney's fee. Chap. 47 of the Ky. Stats. contains a general law and schedule of the fees and costs authorized in judicial proceedings, criminal and civil, in this State, but nowhere is such a fee authorized as that under consideration.

In the case of Broaddus v. Broaddus, 10 Bush, 299, it is said: "The General Statutes must be regarded as containing a complete system of laws, and, in so far as they treat of any general law, whether under the title of 'Wills,' 'Executors and Administrators,' 'Husband and Wife,' 'Guardian and Ward,' etc., it must be considered and treated as all the statute law on the subject indicated by the title; and, if the system is defective in any of

its parts, the remedy is to be found in legislative amendments.''

Tested by this rule, chap. 47, entitled ''Fees,'' contains all the law on that subject, except wherein it has been expressly changed by subsequent amendment; and this seems not to have been done as to the matter in hand. It is certainly within the general spirit, both of the Constitution and the statutes enacted in pursuance thereof, that there should exist a uniform system of judicial procedure throughout the State, in so far as that is practicable, and we deem it the duty of the courts to carry into effect this general spirit, wherever it can be done without violence to the letter of the law.

We therefore conclude that so much of the ordinance as prescribes the imposition of a docket fee of $2.50 in favor of the city attorney, where the fine imposed is less than $10, is invalid. But, as this provision is contained in an exception readily severable from the body of the ordinance, this conclusion leaves all but the exception intact. For the foregoing reasons, the judgment must be reversed, and the case remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.

JUDGES NUNN and PAYNTER dissent.