CASE 2.—SUIT BY JOSEPH D. ARNETT AGAINST T. P. CARDWELL, JR., POLICE JUDGE, TO HAVE AN ORDINANCE ADJUDGED INVALID AND TO ENJOIN THE COLLECTION OF A REPLEVIN BOND.—Oct. 20, 1909.

## Arnett v. Cardwell, Police Judge

Appeal from Breathitt Circuit Court.

J. P. ADAMS, Circuit Judge.

From an order denying relief, plaintiff appeals.— Reversed.

1. Courts—Conflicting Jurisdiction.—Civ. Code Prac., Sec. 284, provides that no injunction shall be granted to stay the proceeding on a judgment of a justice of the peace or of a county court, if the value of the matter in dispute does not exceed $25. Section 285 provides that an injunction to stay proceedings on a judgment must be brought in the court where the judgment was rendered. A judgment was recovered against plaintiff in the police court, which he sought to enjoin, on the ground that the ordinance under which the judgment was recovered was invalid. Held, that, in a suit, the main purpose of which was to have an ordinance declared invalid, and the injunction prayed for was only incidental to the main relief asked, sections 284 and 285 have no application, and that the circuit court had jurisdiction.

2.  Municipal  Corporations—Ordinances—Void for Uncertainty. —While a town ordinance which prescribes a penalty for its violation may leave a margin for the discretion of the court so that the fine or imprisonment imposed may be graded in proportion to the aggravation of the circumstances, it is void for uncertainty, where it only prescribes for a minimum, and not for a maximum penalty.

G. W. FLEENOR, attorney for appellant.

We rest our rights in this action and our claims for jurisdiction, not alone on the common sense view of the situation, but upon the authority in the cases of Boyd v. Board of Councilmen, 25 Ky. Law Rep. 1311; 77 S. W. 669; Moody v. City of Middlesborough, 28 Ky. Law Rep. 60.

W. S. HOGG for appellees.

The judgment of the circuit court herein should be affirmed for the following reasons:

First. The petition is not sworn to, and no affidavit filed setting forth grounds for injunction. The amended petition is verified but does not state facts authorizing an injunction, and the prayer does not seek one.

Second. The plaintiff has never executed an injunction bond in the circuit court, and therefore no valid injunction can be granted herein. Civil Code, Sec. 278.

Third. Section 284, Civil Code, provides no injunction shall be granted to stay proceedings upon a judgment of a justice of the peace if the amount in controversy is less than $25. In this case the plaintiff seeks to enjoin the collection of six judgments of $16 each.

Fourth.  The injunction must be sued out in the court which rendered the judgment sought to be enjoined, and in this case the circuit court had no jurisdiction to grant an injunction to stay the collection of a judgment of the police court.  Civil Code, sec. 285; Davis v. Davis, 10 Bush, 274; Jacobson v. Wirnest, 1917 Law Rep. 662; Shackelford v. Patterson, 23 Ky. Law Rep. 316.

Fifth. The circuit court can not take jurisdiction in this case, the plaintiff seeks no real relief except to be relieved from paying these fines, and  there is no threatened injury to plaintiff from this ordinance; he does not state that he is threatened and prevented thereby from continuing the sale of any malt drink prohibited in said ordinance.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

The board of trustees of the town of Jackson, Ky., enacted the following ordinance: ''Be it ordained by the board of trustees of the town of Jackson, Ky., as follows: That it shall be unlawful for any person to sell within the corporate limits of the town of Jackson, Ky., any drink known as Malt Meade or Beerine, and any person violating this ordinance shall, upon conviction, be fined not less than ten ($10.00) dollars for each offense, and each sale shall constitute a separate offense. This ordinance shall take effect from and after its publication. (Signed) R. T. Davis, Chairman. M. S. Crain, Clerk.'' Thereafter six warrants were issued against Joseph Arnett, charging him with violation of the above ordinance. He was tried before appellee, T. P. Cardwell, Jr., police judge of Jackson, and fined $10 and costs for each offense, the costs amounting to $6. Thereafter appellee replevied the fines and costs, amounting to $98, all of which were put in a single replevin bond. Appellant instituted this action against appellee, T. P. Cardwell, Jr., police judge of Jackson, Ky., and the town of Jackson, to have the aforesaid ordinance adjudged invalid, and to enjoin the collection of the replevin bond. The lower court denied the relief prayed for; hence this appeal.

Appellee took the position below that appellant's application for injunction should have been made in the police court, as that court rendered the judgment. He also contended that even the police court had no jurisdiction, as the amount in controversy did not exceed $25. See secs. 284 and 285 of the Civil Code of Practice. The circuit court agreed with appellee. Our conclusion, however, is that sections 284 and 285 have

no application to a case like this. Here the main purpose of the suit is to have declared invalid the ordinance in question. The injunction prayed for is incidental only to the relief asked. This distinction was made by this court in the case of Boyd et al. v. Board of Council of the City of Frankfort, 117 Ky. 199, 77 S. W. 669, 25 Ky. Law Rep. 1311, Moody v. City of Williamsburg, etc., 121 Ky. 92, 88 S. W. 1075, 28 Ky. Law Rep. 60, and Combs v. Sewell, etc., 59 S. W. 526, 22 Ky. Law Rep. 1026.

The next question is: Is the ordinance void? It will be observed that the ordinance provides a minimum penalty, but not a maximum penalty. In ordinances and by-laws the penalty must be certain. The old English rule was that the precise amount should be fixed. This rule was followed in New Jersey. State v. Zeigler, 32 N. J. Law, 262. North Carolina holds to the same doctrine. State v. Worth, 95 N. C. 615. For a while Alabama had the same rule. Mobile v. Yuille, 3 Ala. 137, 36 Am. Dec. 441. The latter case was afterwards overruled. Huntsville v. Phelps, 27 Ala. 55. According to the decided weight of authority, it is proper for penal ordinances to leave a margin for the discretion of the court, so that the fine or imprisonment imposed may be graded in some proportion to the aggravation of the circumstances. Thus the ordinance may provide that the fine shall not be less than a named sum, nor greater than a specified amount; or that the imprisonment shall not be less than a specified time, nor greater than a time named; or that the fine shall not exceed a named sum, or the imprisonment extend beyond a specified time. McQuillen on Municipal Ordinances, sec. 175. The ordinance in question does not conform to the general rule. While it prescribes a minimum fine, it does not fix a maxi-

mum, thus leaving to the court the power to impose any fine in excess of $10. The ordinance is therefore void for uncertainty. It follows that appellant is entitled to the relief prayed for.

We deem it unnecessary to pass upon the other questions raised.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.