**Ex parte William R. NESBITT.**

**(In re William R. Nesbitt**

v.

**State of Alabama).**

**1150602.**

Supreme Court of Alabama.

April 22, 2016.

William R. Nesbitt, pro se.

WISE, Justice.

WRIT DENIED.  NO OPINION.

BOLIN, PARKER, and SHAW, JJ., concur.

MOORE, C.J., concurs specially.

STUART, J., recuses herself.

MOORE, Chief Justice (concurring specially).

I concur with this Court's decision to deny William R. Nesbitt's petition for a writ of certiorari to review the decision of the Court of Criminal Appeals. However, I write separately to point out what I consider to be the severity, given the offenses, of Nesbitt's sentences, which I hope the Board of Pardons and Paroles will consider when Nesbitt becomes eligible for parole.

Nesbitt was convicted in 1994 of third-degree burglary, possession of burglary tools, and first-degree receiving stolen property.  The trial court sentenced Nes-

bitt, as a habitual offender with prior felony convictions,[1] to life imprisonment for each conviction, the sentences to run concurrently.

On July 1, 2014, Nesbitt filed the present Rule 32, Ala. R.Crim. P., petition, which was his fifth.  In that petition, Nesbitt claimed that his sentences are illegal because, he says: (1) his sentences were enhanced on the basis of only one prior felony; (2) the State failed to prove that the prior felonies it used to enhance his sentence were actually felonies; and (3) his indictments for third-degree burglary and first-degree receiving stolen property were fatally defective.  Nesbitt also claimed that the State failed to prove that the taking of property during the burglary was "felony theft" as required by law.  Finally, Nesbitt claimed that he was never pronounced guilty by the trial judge in open court.  The State's response was that Nesbitt's petition was successive.  The trial court dismissed Nesbitt's petition, finding: (1) that he could have raised his claims at trial or on appeal but did not; (2) that his claims were time-barred; and (3) that his claims were insufficiently pleaded.

Nesbitt appealed the dismissal of his Rule 32 petition to the Court of Criminal Appeals.  In an unpublished memorandum authored by Judge Joiner, that court, after a diligent analysis of each of Nesbitt's claims, affirmed the order of the trial court dismissing Nesbitt's petition.  *Nesbitt v. State* (No. CR–14–0844, Feb. 5, 2016), —— So.3d —— (Ala.Crim.App.2016) (table).  Nesbitt filed an application for rehearing, which was overruled.  Nesbitt then petitioned this Court for a writ of certiorari, which the Court now denies.  I concur with the Court's decision to deny his petition because I believe that Nesbitt has not

---

1.  Nesbitt apparently had prior felony convictions from Georgia that were used to enhance his sentence, although he argues in his Rule

32 petition that only one of those prior felony convictions was used to enhance his sentence. See *infra.*

demonstrated that certiorari review is warranted under the limited grounds set forth in Rule 39(a)(1), Ala. R.App. P. I also am not convinced that the Court of Criminal Appeals erred in any way in analyzing the specific claims Nesbitt raised before that court.

However, I feel compelled to comment on the severity of Nesbitt's sentences. Life imprisonment is one of the most severe penalties the state can impose; only the death penalty and life imprisonment without the possibility of parole are more severe. Because life imprisonment is such a severe penalty, it should be reserved for only those crimes that are truly egregious. "Just legislation requires that the punishment should be proportioned to the offence which is denounced, and any principle which forestalls such legislation is not founded in wisdom and sound policy." *Mayor and Aldermen of Huntsville v. Phelps*, 27 Ala. 55, 57 (1855).

In this case, Nesbitt was convicted of three crimes, all of which were offenses against property, but none of which involved harm to persons. There is no evidence suggesting that Nesbitt killed or severely harmed anyone or that he attempted to kill or harm someone in the course of committing the crimes of which he was convicted. I am therefore at a loss to understand how Nesbitt's sentences are proportional to the crimes he committed.

I wrote recently that "[t]here is a difference between justice and overkill." *Ex parte Conner*, 203 So.3d 62, 65 (Ala.2016) (Moore, C.J., dissenting). Imposing a life sentence for a property crime appears to me to be overkill, not justice. Thus, although I do not find merit in the particular claims Nesbitt raises in his petition, I do hope that the Board of Pardons and Paroles will consider the severity of his sentences in determining whether to grant Nesbitt relief when he becomes eligible for parole.