Carter v. Mercer.

---

# CARTER v. MERCER.

1. Where an assessor of taxes, after giving the usual notice of the time and place for assessing taxes, goes to the residence of an individual, and there

assesses him with a poll tax, he is liable to a forfeiture of twenty dollars if he receives the statement of the individual without oath. The term taxable property, used in the act, includes a poll tax as well as all other taxable property.

Error to the Circuit Court of Covington.

This action is a *qui tam* suit brought by Mercer against Carter, to recover the sum of twenty dollars alledged to have become forfeited by reason of the defendant having omitted to administer an oath to the plaintiff, when, as tax collector of Covington county, receiving the list of taxable property from him. The suit was commenced before a justice of the peace, and, after judgment, taken by *certiorari* to the Circuit Court, where judgment was again rendered for the plaintiff, *qui tam.*

At the trial in the Circuit Court, the following facts were proved, viz:

Carter was the assessor of taxes for Covington county, for the year 1844. As said assessor, he made the usual advertisement required by law. Mercer failed to appear and give in his tax. The assessor went to his house and assessed against him a poll tax. Mercer had no taxable property of any sort. This tax was assessed without administering any oath to Mercer, by the assessor, and the fact that Mercer had no taxable property was known to the assessor at the time of the assessment.

This statement of facts is agreed upon by the parties, in lieu of a bill of exceptions, and on this proof the court gave judgment for the plaintiff.

This is the only matter assigned as error.

T. H. Watts, for the plaintiff in error, insisted, that a poll was not taxable property, so as to require a list, and is not within the statute imposing the penalty. [Clay's Dig. 564, §§ 35, 37, 39, 40.]

T. J. Judge, contra, insisted, that the evil intended to be

Carter v. Mercer.

guarded against, was allowing persons to render tax lists without oath, and a poll tax is equally within the evil intended to be prevented.

GOLDTHWAITE, J.—The enactments on the subject of taxation found in our last Digest, are the unrepealed parts of distinct statutes, but all having reference to the same matter, they may peoperly be construed together, as parts of the same general system, though enacted at different periods. It is evident enough that many subjects of taxation being entirely within the knowledge of the individual taxed, it is important to require their discovery by the oath of the person made chargeable. Accordingly, we find it is made the duty " of every person living in this State, who is liable to pay taxes," to render " a list of his taxable property," to the assessor, between the 1st days of April and July, in every year. And all persons failing to make return of their taxable property shall be deemed delinquents, and shall pay the assessor fifty cents for having to go to the place of residence of such delinquent for a list of his or her taxables, or the amount of taxes due from such delinquent. [Dig. 563, § 32.] At the time of giving in to the assessor the list of taxable property, the person giving it in is required to swear, that it contains a true statement. [Ib. § 34.] It is also directed, the assessor shall not, in any instance, receive the list of taxable property, unless on oath. And for every failure on his part to require such oath, it is provided the assessor shall incur a forfeiture of twenty dollars—one half to the person suing, and the other half to the State. The question to be decided is, whether the defendant, under the circumstances of the case, is liable to this forfeiture. To determine this, we must look to the mischief which the statute intended to prevent. We find the same general authority given to the assessor to administer the oath in the tax laws of 1815 and 1821, but the forfeiture is not given until 1827. The evil then seems to have been, that the taxes were eluded, by the assessors not requiring the necessary oath to be made. It is supposed that the terms *taxable property*, do not include a poll tax, and that there is no warrant to require a person to swear he has no taxable property, but only to verify the list, when he

Carter v. Mercer.

chooses to give one. The answer to this is found in the fact, that the act of 1843, expressly treats the poll tax, as well as all other personal taxes, as a tax upon property. It says, upon all the property thereafter named, and under this head imposes the specific tax. But without this, it seems to us, the requirement, that every person in this State shall give in a list of his taxable property to the assessor, at places designated for that purpose, and if he does not, that the assessor may call at his residence for *a list of his taxables, or for the amount of taxes due from him,* is conclusive that it was intended, whenever the party submits to give the list, or the required information about his taxables, or the amount of his taxes, the assessor must require the oath. We might ask, how the assessor is otherwise to know whether the individual is or is not liable to pay this tax? or what authority he has to assess it, if the individual neglects or refuses to admit his liability to it. If the party refuses or neglects to give the assessor a list of his *taxable property,* the penalty is a double tax on all the property refused or neglected to be given in. [Dig. 565, § 40.] But unless a poll is taxable property, within the meaning of this section, there is no power to collect it, unless the individual renders it in. Indeed, without this construction, there is not a section in any of the statutes which enforces in any way the collection of the poll tax. In this view of the several statutes, although at first we were inclined to doubt the correctness of this conviction, we are now entirely satisfied it is proper.

Judgment affirmed.