Robinson v. Perry.

## ROBINSON, EX'R, V. PERRY.

Where it was alleged in the petition for injunction against selling without appraisement and admitted in the answer that the judgment had been rendered on a note in the following words: "$330.47-100. HOUSTON, *June* 1st, 1843. One day after date I promise to pay to the order of J. M. Robinson three hundred and thirty 47-100 dollars, being for value received in merchandise on the first day of January, 1842, and interest to date:" *Held*, That the injunction was properly granted.

The clerk whose duty it is to indorse on the execution whether sale shall be made with or without appraisement can be informed of the facts necessary to enable him to make the appropriate indorsement only by the record.

Upon all judgments rendered subsequent to the 1st day of May, 1842, *prima facie* execution should issue to sell without appraisement; and the only exception is when from the record it appears that the debt or liability was contracted or incurred before that time.

Appeal from Colorado.   The appellee filed his petition in the District Court, alleging, in substance, that at the Fall Term, 1847, of that court the appellant had obtained judgment against him for the contents of a promissory note given by the petitioner for goods furnished him previous to the 1st day of March, 1842; that execution had been issued upon this judgment, upon which execution the clerk had indorsed the words "without appraisement," whereas the indorsement thereon should have been "with appraisement;" that by reason of said indorsement the property of the petitioner will be sold without the benefit of the appraisement to which by law he is entitled, unless the sheriff be enjoined from proceeding upon said execution.   The note upon which the judgment is alleged to have been rendered is set out in the petition, and is as follows:

"$330.47-100.                                HOUSTON, *June 1st*, 1843.

"One day after date I promise to pay to the order of J. M. Robinson three hundred and thirty 47-100 dollars, being [274] for value received in merchandise on the first day of January, 1842, and interest to date.

E. W. PERRY."   [SEAL.]

The petition prayed for a writ of injunction, which was accordingly issued.

The defendant in the injunction answered, expressly admitting that the judgment upon which the execution in question had issued was rendered upon the note set out and described in the petition, but insisted that as it bore date after the 2d day of May, 1842, to wit, on the 1st day of June, 1843, the defendant was not entitled to the benefit of appraisement.

The case was heard upon the petition and answer, and the court awarded judgment that the injunction be perpetuated in so far as to restrain the plaintiff from enforcing the collection of his judgment by a sale of the property of the defendant without appraisement, and that the plaintiff have execution to sell with appraisement.

From this judgment the plaintiff in execution appealed.

*J. W. Henderson*, for appellant, argued that the debt or liability on which the judgment was rendered was contracted subsequent to the 1st of May, 1842. The note was the liability; the receipt of the merchandise on the 1st of January preceding was merely the consideration.   There may have been a liability to pay for the merchandise as soon as it was received, or there may not.   At all events it was not upon that liability that judgment was recovered.   There was no fraud in obtaining the note; there is none charged.   (1 Pet. R., 13; 2 Johns. Ch. R., 175; 6 Id., 255; 2 Cow. R., 129.)   It may be that Perry supposed he retained the right to appraisement by virtue of reciting the consideration of the note; but even if that were the case, it was his own error as to a point of law which would not entitle him to the relief sought.   (1 Bibb R., 168; 2 Id., 449; 1 Johns. Ch. R., 516; 2 Id., 51; 9 Rand. R., 594.)

WHEELER, J.   There is no controversy as to the facts.   [275] They were

expressly admitted by the answer; and the only question is, was the defendant in execution entitled to the benefit of appraisement, as provided by the 17th, 18th, and 19th sections of the act of the 27th of January, 1842, concerning executions? (Acts of 1842, 66.) The 21st section of the act declares that the sections above referred to, which provide for appraisement, "shall apply only to debts and other legal liabilities contracted and incurred prior to the first day of March (May) next," (1842,) "and that all sales by virtue of executions issued on judgments founded on debts and other legal liabilities contracted and incurred after the first day of May next shall be made for cash, without appraisement; and the clerk or other officer issuing any execution shall indorse thereon whether the sale shall be made with or without appraisement."

The note upon which judgment in this case was obtained was executed after the 1st day of May, 1842; and did it not show upon its face that it was given in consideration of a pre-existing indebtedness, we do not doubt that the execution must have been without appraisement. But it does appear from the face of the note that it was given in consideration of a debt contracted prior to the 1st day of March, 1842. For what purpose was the date of the consideration thus expressed in the note? It was, we think, to furnish evidence inseparable from that of the indebtedness of the maker that he was entitled to the benefit of the statute giving the right of appraisement. The note seems to have been drawn with a view to the statute, and to have been thus expressed with the intention of securing to the party the benefit of its provisions. If so, it is but reasonable that that intention should have effect. It can work no hardship upon the plaintiff; for had she sued upon the original consideration, there can be no doubt that the right now claimed by the defendant must have been accorded to him. The law requires the clerk to indorse upon the execution whether the sale shall be made with or without appraisement. He can be informed of the facts necessary to [276] enable him to make the appropriate indorsement only by the record. Upon all judgments rendered subsequent to the 1st day of May, 1842, *prima facie* execution should issue to sell without appraisement; and the only exception is when from the record it appears that the debt was contracted or the liability incurred before that time. Such was the present case.

Judgment affirmed.