# Capital City Water Co. v. Board of Revenue of Montgomery County.

*Contest of Assessment of Taxes against Water Company.*

1. *Constitutional provisions for regulating taxation on property.*- Since the constitution contains no restriction on the power of the legislature to levy taxes, except as to "property" as such, the legislature has plenary power in the levy of taxes as to other subjects of taxation.

2. *Same; constitutionality of license tax for occupation.*—Sub-division 5 of section 454 of the Code of 1886, (Code of 1896, § 3912), levying a tax of one per cent. of the gross receipts of specified enterprises and businesses, after deducting the expense of carrying on such business, is a provision for occupation or privilege taxes, and not a tax proper on property, and is, therefore, not unconstitutional and void ; the clause in said subdivision, "after deducting the expenses of carrying on such business," indicating no more than a method adopted by the legislature in ascertaining the extent to which the occupation or business has been enjoyed and for which it ought to be taxed.  (McClellan and Head, JJ., *dissenting.*)

Appeal from the City Court of Montgomery.

Tried before the Hon. John G. Winter, Special Judge.

The tax assessor of Montgomery county made an assessment against the appellant, the Capital City Water Company, on account of its gross income during the year of 1890, which said income amounted to the sum of $22,-295.22, at which amount the assessment was fixed.  The Capital City Water Company then filed its petition addressed to the Board of Revenue of Montgomery county, and prayed that said Board of Revenue vacate and set aside said assessment, on the ground that such assessment was illegal and void.  The basis of this contention was that subdivision 5 of section 454 of the Code of 1886

under which said tax was levied, was invalid and void. The Board of Revenue, after hearing the petition, refused to set aside the assessment; and, thereupon the Capital City Water Company carried said cause to the circuit court of Montgomery county by a writ of *certiorari.* It is deemed unnecessary to set out the record and proceedings *in extenso.* The opinion states the facts sufficiently for a full understanding of the decision on this appeal.

In the circuit court, the cause was heard by the court without the intervention of a jury; and the circuit court affirmed the decision of the Board of Revenue, and refused to set aside and vacate the assessment as made by the tax assessor. From this judgment of the circuit court the Capital City Water Company prosecutes the present appeal, and assigns the rendition thereof as error.

THOS. G. & CHAS. P. JONES, for appellant.—The constitution of 1875, not only provides that taxes "levied on property" shall be assessed in exact proportion to the value of the property, but also provides that the General Assembly shall not have the power to levy, etc., a greater rate of taxation than ¾ of 1 per cent. on the value of taxable property within this State. The imposition of which we here complain is certainly taxation. It is not imposed under the police power, and it does not undertake any regulation whatever of the business. It does not fall under the head of local assessments. It is taxation for revenue, pure and simple. It is laid under the taxing power, and no other power, and with all due respect, we insist is a tax upon property itself, and not the occupation.—*Lott v. Ross*, 38 Ala. 156. That question arose before the constitution of 1868 or 1875, and is not an authority in the present matter except in so far as it states that sometimes the word property is employed in the revenue laws in the larger sense of subject, and so embraces everything liable to taxation. Indeed, that case is authority for the proposition for which we here contend; that taxable property was intended to embrace everything liable to taxation. The object of our constitutional provisions was to prevent oppressive taxation, and to curb legislative discretion within narrow limits by requiring one unbending rate

[Capital City Water Co. v. Board of Revenue of Montgomery Co.]

which could not be exceeded in the matter of any taxation. In *Lott v. Ross, supra*, it is said, "this will be the construction of the word wherever the context requires, or whenever, if not so understood, the plain object of the law would be defeated." The plain purpose of the legislature to have the right of taxation which should not be exceeded, will be defeated, if the words *taxable property* are not to be held to be equivalent of subjects of taxation. In common acceptation, and in every legal sense, the receipts of a business are property.—*Dorman v. State*, 34 Ala. 239: *R. R. Co. v. Pennsylvania*, 15 Wall. 284; *Board of Revenue v. Gas Light Co.*, 64 Ala. 269; *State v. Board of Revenue*, 73 Ala. 65. These last two authorities are direct on the point. In the case of the *Telegraph Co. v. State Board of Assessment*, 80 Ala. 279, the court, in reality, put its decision upon the ground that the value of the gross income, not being determinable, it stood on a different footing from tax on net receipts which the court admitted arguendo, would be a tax on property. The principle of the tax involved in each of these cases and the language of the statute was identical, so far as the principle is concerned, with the language of the present statute. No significance can be attached to the omission in the Code of 1886 of a tax on salaries, gross incomes and profits, except as evidence of the fact that such a tax being inquisitorial, leading to frauds, perjuries, and in practice, always unequal and partial, no people will long submit to it. This was the real cause of those features of the revenue law. They are not evidence of any intention on the part of the legislature to confine whatever taxes it levied on kindred subjects to privileges or occupations. Indeed, in this respect, it is impossible to make a distinction between a tax on gross incomes and profits, and a tax on the income, after deducting the expenses of carrying on the business. This, at last, is not a tax on incomes, and it is so ruled by courts of very high authority in this country.—*St. John v. Erie R'y. Co.*, 22 Wall. 136; *Un. Pac. R. R. v. United States*, 99 U. S. 420; the opinion of the Judges in 5 Metc. 599; *Park v. Grant Locomotive Works*, 40 N. J. Equity 114.

JOHN G. FINLEY, *contra.* The power to determine the persons and objects to be taxed is trusted exclusively to the legislative department.—Cooley on Taxation, (2d ed.), 165; *Moog v. Randolph,* 77 Ala. 604. There are no limits to the legislative power of the State Government, save such as are written upon the pages of the State and Federal Constitutions.—*Dorman v. State,* 34 Ala. 236; *Davis v. State,* 68 Ala. 62; Cooley on Taxation, (2 ed.), 21, 22.

The taxes levied under subdivision 5 of section 454 of the Code of 1886, operates alike on every citizen who may own the property declared liable to it in the above classification, and although there may be discrimination in the subjects of taxation, still persons in the same class must generally be subjected alike to the same common burden.—*People v. Coleman,* 60 Amer. Dec. 587; *West. Un. Tel. Co. v. State Board of Assessment,* 80 Ala. 273.

HARALSON, J.—It is stated in the abstract filed in this case, sustained by the petition of the Board of Revenue as set out therein, that the sole question in the case is, "Whether the assessment on the gross income of the said Capital City Water Company was legal, and whether or not subdivision 5 of section 454 of the Code of 1886, (Code of 1896, § 3912), under which said tax was levied, is valid." The supposed illegality of the assessment as made is based on the alleged unconstitutionality of the statute under which it was levied. The language of the petition of appellant to said board is, "Respondent avers, that it has been advised, and believes, and upon such information and belief, states that said assessment is illegal; the statute under which it is levied being in violation of the constitution of Alabama."

After the case was carried by *certiorari* to the circuit court, as is stated in the abstract, "it was there shown, that during the year 1890, said Capital City Water Company received the sum of $22,295.22 as its gross income from the operation of its works during the year 1890."

The Board of Revenue, whose decision was sought to be reviewed on *certiorari* in the circuit court, had assessed the appellant company on said sum as its gross receipts for the year 1890, and the circuit court, whose

decision is here sought to be reviewed, affirmed the decision of the board.

It is a well accepted principle of law, that the State constitutions are not in their nature enabling acts, to which class the constitution of the United States belongs, but are limitations on legislative power, and that the legislature may pass any law not in conflict with the State or Federal constitution, the rule being, that "the Federal Government can do nothing but what is authorized expressly or by clear implication, while that of the State can do whatever is not prohibited."—*Dorman v. The State,* 34 Ala. 230; *Davis v. The State,* 68 Ala. 62; *Moog v. Randolph,* 77 Ala. 606; Cooley on Const. Lim., 88, 89; 3 Am. & Eng. Encyc. of Law, 689.

The provision appearing in the earlier constitutions of this State on the subject of taxation was simply : "All lands liable to taxation in this State shall be taxed in proportion to their value." The taxing power was not defined, qualified or restrained by any other provision than by this simple declaration. On personal property, either specific or *ad valorem* taxes could be imposed, and on other subjects of taxation they could be laid, as the legislature deemed best. This unrestrained power of the State, except as to land, to levy taxes, found justification as was held, in the principle, that taxes being regarded as the contributions of the people for the support of the State, ought to be assessed on the subjects of taxation as the people by their representatives designate, and that the legislature may be trusted to do no more in this regard than an economical and just administration of the State government would require.—*Ala. Gold Life Insurance Co. v. Lott,* 54 Ala. 506. For the purpose of restraining an abuse of this very general power to tax, the constitution of 1868 substituted for the one theretofore prevailing, another restraining provision, that "All taxes levied on property in this State, shall be assessed in exact proportion to the value of such property."—Const. of 1868, Art. XIV, § 1; *Mayor v. Stonewall Insurance Co.,* 53 Ala. 576. To place still further restraints upon the taxing power, as experience had suggested to be wise, the framers of the constitution of 1875, retaining the same provision above quoted in the constitution of 1868, added the other provisions therein appearing on the subject, (Art. XI, §§ 4,

5 and 6) that "the General Assembly shall not have the power to levy, in any one year, a greater rate of taxation than three-fourths of one *per centum* on the value of the taxable property within the State;" that "No county in this State shall be authorized to levy a larger rate of taxation, in any one year, on the value of the taxable property therein, than one-half of one per cent," &c., and that "The property of private corporations, associations and individuals of this State, shall be forever taxed at the same rate," &c. In the Code of 1886, section 453, (Code of 1896, § 3911), the legislature, in thirteen subdivisions attempted to specify with great particularity certain subjects and rates of taxation *thereon*. In those subdivisions is specified all the property, real and personal, that, as it occurred to the law-makers, was necessary to be itemized; and to cover any property not mentioned, the thirteenth subdivision provided for a levy of taxes on "All other property, real and personal, not otherwise specified herein." It is noticeable, that in the schedule of taxable property included in this section, there is embraced no provision for taxing the gross receipts or business occupation of companies of the class of the appellant company, unless they had "money hoarded, whether in the custody of the owner, or on deposit in bank or elsewhere," not including money on deposit by persons engaged in any regular business for use in such business.—Subdiv. 6. It is not pretended, the appellant company had been assessed on any such moneys. For the sake of perfecting our taxing system, new revenue laws containing much of former systems which experience had shown to be wise to retain, have been from time to time enacted. In these, for like reasons other provisions have been discarded, and still other new ones added. Under the assessment law as found in the Code of 1876, a provision is found in section 362, subdiv. 6, that "All salaries, gains, incomes and profits for the preceding year, shall be subject to taxation." In 1881, this subdivision was amended, so as to read, "All salaries, gains, incomes and profits for the preceding year, in excess of the actual expenses incident to the office, business or pursuit out of which such salary, gains, incomes and profits are derived, and the expenses of living during the year, to the extent of eight hundred dollars," and these were required to be

[Capital City Water Co. v. Board of Revenue of Montgomery Co.]

listed for taxation.  In the Code of 1886, this provision of former statutes for the imposition of a tax on salaries, gains, incomes and profits is omitted,—a fact important to be observed in reconciling decisions of this court, correct in themselves, in construction of the different tax laws of the State, which, otherwise, might appear to be in conflict.

In this last Code, after specifying in the thirteen subdivisions of section 453, the different properties upon which a tax of sixty cents on each hundred dollars of its value should be annually levied, follows section 454, designating "Other subjects of taxation and rates thereon," which section, in seven subdivisions, specifies these different subjects of taxation, in neither of which was included any of the subjects of the preceding section, 453.  These subdivisions include the gross amount of sales of merchandise premiums, commissions, receipts and incomes of different persons, firms, associations and corporations, including water works, telegraph, telephone, express, sleeping car companies, running their cars in this State, &c.

From the revenue law itself, it is thus made plain, that there is a marked distinction kept up between property taxed as such, and other subjects of taxation.  Said section 453 relates to property as such,—property which is tangible and visible, capable of being reached and condemned.  Section 454 has reference to subjects of taxation other than *property*,—to subjects, rather, of occupations, privileges and business, which in the nature of things are incapable of determinative value.  The general term, "subjects of taxation," embraces all property as such, and all other items on which a tax rate may be laid.  The term *property*, as employed in section 453, is a more limited one, and is but a species of the *genus, "subjects of taxation,"* as employed in section 454.

The decisions of this court also recognize the legislative classification of these subjects of taxation.  As was said, for instance in *Lott v. Ross*, 38 Ala. 156, 159, construing the section of the then Code, touching an assessment on the gross amount of sales of merchandise during the tax year, "Nor are we able to decide that the words, 'taxable property' are here used in the sense of 'taxables,' or 'taxable subjects,' and not according to their ordinary signification of things taxed which are

the subject of ownership. Undoubtedly the word 'property' is sometimes employed in revenue laws in this larger sense of 'subjects,' and so embraces everything liable to taxation. Such will be the construction of the word wherever the context requires it, or wherever, if not so understood, the plain object of the law would be defeated.''—*Carter v. Mercer*, 9 Ala. 556; *W. U. Tel. Co. v. Board of Assessment*, 80 Ala. 278.

It is manifest, as has been shown, that the sections of the Code referred to, carefully maintain this distinction between property and other subjects of taxation. The same thing appears also in the constitution, since the limitations, referred to, on the legislature to impose taxes, are with reference to *property*, and no provision is made whatever with reference to the taxation of *other subjects* of taxation. In the absence of such restrictions as to *subjects* of taxation, other than property as such, it would appear plain that as to these, the law-making power, responsible alone to the people, is left to the exercise of a full and free discretion,—a power never to be taken as surrendered by intendment or implication. *Battle v. Mobile*, 9 Ala. 236, s. c. 44 Am. Dec. 438; *Ex parte City Council*, 64 Ala. 463; *Ala. G. L. Ins. Co. v. Lott*, 54 Ala. 499; *Mayor v. Stonewall Ins. Co.*, 53 Ala. 576. Except for the section 454 of the Code, specifying subjects of taxation, other than the ones specified in section 453, it is plain that all the different occupations and enterprises mentioned therein, as carried on in this State, which ought, in all reason and justice, to contribute their just share of the expenses of the State Government under which they live and prosper, would escape any of the burdens of taxation for carrying on their several businesses. This was never the design of the law-making power.

The point as to the constitutionality of the statute under which a tax on gross income was imposed, was raised in the case of the *Western Union Telegraph Co. v. State Board of Assessment*, 80 Ala. 278, *supra*; and after careful consideration its constitutionality was sustained; a decision that found complete support in the previous decision of *Lott v. Ross*, 38 Ala. 156, *supra*, and we are asked to overrule that case. The suggestion for over-ruling it, as may be supposed, and any expectation that it might be done, no doubt grew out of the recent de-

cisions of the Federal Court known as the Income Tax Cases. It is sufficient to say, however, without approving or disapproving the majority of opinions in those cases, that they have little or nothing to do with the correctness of the decision in 80th Alabama. They had no reference to an income tax to be levied and paid by the people of the States, under an act of Congress for that purpose; and, if the power of Congress to impose such a tax be denied, as was there done, it does not follow that the States might not impose such a tax, as is very often done by them.

This point, however, is urged upon the further contention, that the tax imposed in this case is an income tax, susceptible of definite ascertainment as to its amount, and therefore it is *property*. The provision is for a tax of one per cent, "On the gross receipts during each tax year of all cotton-pickeries" and other specified businesses, including water works, "after deducting the expenses of carrying on such business." The intention of this last clause was in the interest of these different enterprises, that they might not be too heavily burdened in the imposition of a tax on gross receipts, and that each might be taxed on the same equitable basis. The gross incomes of some companies are large, earned by the outlay of very great sums, while with others, such incomes, whether large or small, are made by the expenditure of comparatively small sums. And so, in several of these different businesses, as classified in the different subdivisions of section 454 of the Code, we find that the legislature, while imposing a tax in every instance on the gross receipts, accompanies the provision with another, that the expense of carrying on the business may be deducted. Without this, the levy would be made upon the gross receipts without any deduction whatever. No tax had been or was proposed to be levied on net incomes, but a levy was first authorized by said section 453 on property as such. What followed, as to other subjects of taxation, was designed to be and was, really, a tax on the business or occupation of the tax-payer. As was well said in *Lott v. Ross*, 38 Ala. 156, *supra*, in respect to the imposition of a tax on gross receipts, it is not "a property or income tax, but an occupation or privilege tax, the amount being regulated by the extent to which the privilege has been enjoyed."

[Landman, Halsey & Co. v. Bloomer, Wolf & Michael.]

The legislature having the constitutional right to tax gross receipts or occupations and privileges, the mode in which it should be exercised, within constitutional limitations, was a matter wholly with them, not to be questioned by the courts.—*The State v. Stephens*, 4 Tex. 137, 140; *Glasgow v. Rowse*, 43 Mo. 479; *Nathan v. Louisiana*, 8 How. 73, 83, and authorities *supra*. Subdivision 5 of said section 454, must be construed, therefore, as a provision for an occupation or privilege tax, and not as a tax proper on property; and the clause in said subdivision,—"after deducting the expenses of carrying on such business,"—as indicating no more than the method adopted by the legislature in ascertaining the extent to which the occupation or business has been enjoyed, and for which it ought to be taxed.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN and HEAD, JJ., *dissenting*.