[Goldsmith v. Mayor and Aldermen of Huntsville ]

# Goldsmith *v.* Mayor & Aldermen of Huntsville.

### *Prosecution for Violating City Ordinance.*

1. *Municipal corporation; power to license occupation; such privilege tax not unconstitutional* —The amount of tax authorized by the constitution and laws of the State to be levied upon property as such, real and personal, has no reference to specific taxes which may be imposed on occupations and privileges, and the power to tax occupations and privileges includes the power to license them, and each of these powers may, by charter, be conferred upon a municipality, even though the State does not impose such license tax.

2. *Same; same; privilege tax on gross sales not a tax on goods.*—A tax on the gross amount of the sales of a retail merchant imposed by ordinance of a city is not a tax on the goods themselves or on the fruits of the sale, but upon the business of selling, and is not, therefore, a property tax but an occupation or privilege tax.

3. *Same; same; privilege tax regulated by amount of stock in business not unconstitutional.*—A city ordinance which, under its charter, provides that every person, firm or corporation engaged in business as a merchant shall pay an annual tax according to a prescribed schedule, regulating the amount of such tax by the value of the gross amount of the stock of merchandise on hand, is a privilege tax, and is not, therefore, unconstitutional. (McClellan, J., *dissenting.*)

4. *Same; same; same; construction of city charter of Huntsville.*—Under the provisions of the charter of the city of Huntsville, which authorizes the mayor and aldermen of said city to levy taxes on capital employed in business in the city or incomes of persons residing therein or itinerant merchants, or any business, profession or trade carried on in said city, and further authorizes an annual license tax on the sale of goods and on the gross amount of stock of resident merchants, (Acts of 1888–89, p. 236, §§ 25, 28), there is conferred the power on the municipality to impose an annual license tax on a merchant's stock graded according to its value; it being a tax on the privilege or occupation and not on property as such. (McClellan, J., *dissenting.*)

[Goldsmith v. Mayor and Aldermen of Huntsville.]

5. *Same; same; same; same.*—The provisions of the charter of the city of Huntsville which authorizes a privilege tax on merchants and others permanently residing in the city (Acts of 1888-89, p. 236, §§ 25, 28), is not modified or limited by the fact that the same sections which grant such power also authorize a tax on transient merchants having no permanent residence in the city, or a property tax on their stock or on the amount of their sales to be paid at such times as may be appointed by ordinance of the city.

6. *Same; same; when ordinance not shown to be repealed by implication.* A city ordinance described in the caption as amending a former ordinance, but in fact amending only one section thereof prescribing a schedule of license taxes upon certain privileges and occupations, by adding thereto other subjects of taxation, and making no reference to the subjects of the other sections of the original ordinance providing when the ordinance shall go into effect, the time when license shall be taken out, and penalties for the violation of the ordinance, does not repeal the latter sections by implication.

7. *Prosecution for violation of city ordinance; procedure on appeal.* Appeals to the circuit court from convictions for violating city ordinances being governed in all respects by the laws regulating appeals from justices of the peace in criminal cases (Code of 1896, § 2969), the defendant on appeal should enter into bond with two or more sufficient sureties to appear at the term of court to which the appeal is taken until discharged by due course of law, (Code of 1896, § 4640); the prosecution should proceed on complaint as required by section 4627 of the Code of 1896; and the same rules as to evidence, practice, finding of the jury and punishment apply as if the case had originated in the circuit court, (Code of 1896, § 4628); and on conviction a fine should be assessed as provided in the ordinance, and the defendant allowed to confess judgment with good and sufficient sureties for the fine and costs (Code of 1896, § 5423) on which execution may issue (Code of 1896, § 5424). But if the defendant gives bond with sureties for an appeal as in civil cases (Code of 1896, § 482) and the circuit court renders judgment against the defendant and his sureties on his bond under section 493 of Code of 1896, for an amount the same as he should have been fined, such judgment will not be reversed; the court being satisfied that no injury resulted to the defendant (Code of 1896, § 4333) from the rendition of such judgment.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

Oscar Goldsmith, the appellant in the present case, was convicted in the Mayor's court of the city of Hunts-

ville for carrying on the business of a merchant in the said city without taking out a license as required by the municipal ordinance. On appeal to the circuit court, the cause was tried by the court without the intervention of a jury. The defendant appeals from a judgment rendered in favor of the plaintiff, and assigns as error the rulings of the court upon the pleadings and the rendition of judgment for plaintiff.

OSCAR R. HUNDLEY and LAWRENCE COOPER, for appellant, cited, *City of Anniston v. Southern Railway*, 112 Ala. 565; *Western Un. Tel. Co. v. State Board of Assessment*, 80 Ala. 274; *L. & N. R. R. Co. v. Baldwin*, 85 Ala. 624–25; *Van Hook v. Selma*, 70 Ala. 361; *Parish of Morehouse v. Brigham*, 6 So. Rep. 257; *State v. County of Duvol*, 3 So. Rep, 193.

JERRY MURPHY and R. W. WALKER, *contra*, cited, *City of Anniston v. Southern R'y Co.*, 112 Ala. 557; *Holt v. Mayor, &c., of Birmingham*, 111 Ala. 369; *Western U. Tel. Co. v. State Board of Assessment*, 80 Ala. 273; Cooley on Taxation (2d ed.), p. 578; *Mayor and Aldermen of Huntsville v. Phelps*, 27 Ala. 55; *Mayor and Aldermen of Mobile v. Youille*, 3 Ala. 137; 1 Dillon on Municipal Corps., § 338. Cooley on Taxation, page 573; *License Tax Cases*, 5 Wall. 462; 11 Ala. 849. *Ex parte Burnett* 30 Ala. 461; *Mayor v. Allaine*, 14 Ala. 400; 31 Ala. 76. *Ex parte City Council*, 64 Ala. 443; 51 Ala. 114; *Van Hook v. City of Selma*, 70 Ala. 361; *Ex parte City Council*, 64 Ala. 463; *Charleston v. Oliver*, 16 S. C. 47; *Butler's Appeal*, 73 Pa. St. 448.

HARALSON, J.—It is well settled, that the amount of tax authorized by the constitution and laws of this State to be levied on property as such, real and personal, has no reference to specific taxes which may be imposed on occupations and privileges; and the power to tax occupations and privileges, includes the power to license them.—*Ex parte City Council of Montgomery, in re Knox*, 64 Ala. 463; *W. U. Tel. Co. v. State Board of Assessment*, 80 Ala. 273, 276; *Capital City W. Works v. Board of Rev.*, 117 Ala. 303; *City of Anniston v. So. Railway Co.*, 112 Ala. 557; Cooley on Tax., 578–9.

[Goldsmith v. Mayor and Aldermen of Huntsville.]

A tax on gross amount of sales, is not a tax on the goods themselves, or on the fruits of the sales, but upon the business of selling; is not a property tax, but an occupation or income tax; and a municipal corporation, when authorized by its charter, may require a license tax, which the State, even, does not require.—Authorities supra.

A right conferred by charter to adopt ordinances, when penalties for their violation are not prescribed by charter, gives the municipality the incidental right to enforce them by reasonable, pecuniary penalties.—1 Dil. on Mun. Corp., § 338; Mayor of Huntsville v. Phelps, 27 Ala. 55.

The power to levy the privilege tax complained of in this case, seems to have been very plainly conferred by the charter of the city of Huntsville. By section 25 it is provided, "That the said mayor and aldermen shall have authority to levy taxes on the real and personal estate within said city, * * * on capital employed in business in said city, or incomes of persons residing therein, or itinerant or transient merchants, or any business, profession, trade or calling carried on in said city, and on all other subjects of taxation within said city on which the State taxes are now or shall hereafter be levied by the laws of Alabama."—Acts, 1888-89, p. 236.

This section is very comprehensive, and expressly authorizes a license tax on occupations or privileges, in addition to a property tax as such, whether the State has levied such occupation or privilege tax or not. It is true, however, that the State had prescribed the levy of such a tax, in addition to a property tax.—Code, 1886, § 454, sub-div. 5.

But, to make the matter plainer, if possible, it is again provided in section 28, "That said mayor and aldermen shall have power to require merchants, auctioneers, commission merchants, and other persons liable to pay taxes on sales of goods, wares and merchandise, to pay annually a tax on the gross amount of their stock on hand, not exceeding such tax as may by the laws of the State be levied on such stocks." This provision has reference entirely, to an occupation or privilege tax, and not to a tax on property as such.—W. U. Tel. Co. v. State Board, and Capital C. W. Works v. Board of Rev., supra.

The fact that the latter part of said section, which authorizes the city to impose a privilege tax on all transient merchants, peddlers and auctioneers, or other persons not having a permanent residence in said city, or a property tax on the value of the goods offered by them for sale, or on the amount of their sales to be paid at such times as the city appoints, does not, by any means, as contended by appellant, limit or modify the preceding provision as to a privilege tax on all merchants, auctioneers and commission merchants permanently residing in and doing business in said city.

Section 29 of the charter makes the further provision, "That power and authority are hereby given to said mayor and aldermen to establish such rules and regulations not inconsistent with this act, for the assessment and collection of the taxes authorized by this act, as they may deem expedient, and to provide and employ all lawful means and proceedings to enforce and collect the same, and to impose such fines and penalties, subject to the restrictions [that the fine shall not exceed $100] hereinbefore expressed, for the violation of the ordinances in reference to taxes and revenues of the city, as they may deem expedient and proper; *provided*, that the powers conferred in this section shall not extend to imprisonment for debt."

The appellant was proceeded against before the mayor on affidavit and warrant, for carrying on the business of a merchant in Huntsville, without first obtaining a privilege or license tax for so doing, in violation of a city ordinance in such cases made and provided. On trial before the mayor, he was fined $25 and costs. He appealed to the circuit court, executing a bond in the sum of $50, with two sureties, conditioned that failing in said appeal, the obligors should satisfy such judgment as the circuit court might render in the premises.

In the circuit court, the mayor and aldermen filed a complaint, as required by section 4627 of Code of 1896, (4231), complaining of defendant, that within twelve months before the commencement of the prosecution, defendant did carry on the business of a merchant within the corporate limits of the city of Huntsville, with-

out paying the tax, as required by the privilege tax ordinance of said city, adopted April 21st, 1896, as amended June 16th, 1896.

The complaint was demurred to on many grounds, the principal one being, that the said ordinance was illegal, unconstitutional and void, but the demurrer was overruled, and defendant pleaded many special pleas, setting up the same defenses as were sought to be made available by grounds of demurrer. A demurrer to these pleas was sustained, and the cause was tried by the court, a jury having been waived, on issue taken on the plea of the general issue.

The original and amended ordinances were introduced, against the objection of defendant, on the ground, specially, that they showed upon their face that they provided for a tax upon personal property, and not for a privilege tax, and also on another ground, not insisted on in argument.

The original ordinance purports to be "An ordinance fixing the amount of license tax on all occupations and business within the city of Huntsville for the fiscal year, beginning May 1, 1896," the first section of which provided, "That each and every person, firm or corporation engaged in any of the following occupations or businesses within the city of Huntsville, shall pay an annual license tax as follows :"  (Omitting all classes except the one in which defendant fell.)  "*Merchants*. Stock exceeds $5,000, and not more than $10,000—$35."

The second section provided, that all these licenses might be taken out semi-annually, on the 1st May and 1st November of each year.

There are other sections of said ordinance, number 3, 4 and 5—the 4th providing that the ordinance should not go into effect before the 1st May, 1896, and the 5th, imposing a fine of not less than $5, nor more than $100, on any one convicted for its violation.

The amendatory ordinance of June 16th, 1896, purported to be "An ordinance amending an ordinance adopted April 21st, 1896, entitled an ordinance," (reciting the caption of said original ordinance), and provided that "An ordinance fixing the amount of license tax on all occupations and businesses, within the city of Huntsville, for the fiscal year beginning May 1st, 1896, be and

the same is hereby amended as follows :'' Then follows the schedule of licenses provided for, the same as in the original ordinance, with the addition of two others covering smaller dealers than were included in the former ordinance.

This was all the latter ordinance purported to amend of the former one, making no reference to the other sections of the original enactment.

The contention of the appellant is, that this latter ordinance repealed the former one, and no penalty is prescribed for its violation. The last did not purport to repeal, but only to amend the other ordinance, but the insistence is, that the one repealed the other by implication.

It may be replied, that the same strictness for amending statutes under our constitution, does not apply to the amendment of its ordinances by a municipality, and it is impossible to conclude, in reading the original and amendatory ordinance, that the mayor and aldermen in adopting the latter ordinance intended to do anything more than to amend the former schedule of licenses so as to include the two classes added, and to leave the original, as thus amended, intact and operative. The other sections of the original, not referred to in the amendment, were never designed to be repealed, in terms or by implication. There is nothing to suggest a repeal by implication—which is not favored in the law—and there is no repugnancy between the sections as amended, and the others which were left unamended.

There is no complaint that $17.50—one-half of the annual license tax—was not the proper amount to be assessed against the defendant, if he was liable for anything. The court below rendered judgment against him and his two sureties for that amount. It is contended by defendant, that such a judgment against him was unauthorized and of no effect.

Appeals from the mayor's to the circuit court are, as prescribed by general statute, to be governed, in all respects, by the law regulating appeals from justices of the peace in criminal cases.—Code, 1886, § 1518 ; Code, 1896, § 2969. On appeals from justices courts to the circuit or city court, in criminal cases, the provision is,

[Goldsmith v. Mayor and Aldermen of Huntsville ]

that the defendant shall enter into bond with two or more sufficient sureties, to appear at the term of the court to which the appeal is taken, until discharged by due course of law.—Code, 1886, § 4242; Code, 1896, § 4640.

The appeal bond in this case was not given in conformity with this section of the Code, but under section 3399 of Code 1886, 482 of Code of 1896. The circuit court rendered judgment against defendant and his sureties on this bond, in conformity with section 3410 of Code of 1886, (493 of Code of 1896).

The defendant appeared in the circuit court and went to trial; the court rendered its verdict and judgment against him for $17.50. It is objected now that this judgment is erroneous, that instead of a judgment being rendered against him, he should have been fined $17.50, and, technically speaking, that is true. In what, however, was the defendant prejudiced by such a judgment? On the trial of appeals in the circuit or city court, the court is governed by the same rules as to evidence, practice, finding of the jury and punishment, as if the case had originated in that court.—Code, 1896, § 4628, (4232.)

When a fine is assessed in the circuit court, that court may allow the defendant to confess judgment with good and sufficient sureties for the fine and costs, (Code, 1896, § 5423; Code of 1886, § 4502); and, execution may issue for the fine and costs, or any portion thereof, remaining unpaid, as in civil cases.—Code, 1896, § 5424; Code, 1886, § 4534.

We are satisfied that no injury has resulted to defendant from this judgment.—Code, 1896, § 4333.

From the foregoing it appears without more being said, that the court committed no error in overruling defendant's demurrer to the complaint, nor in sustaining the plaintiff's demurrer to defendant's special pleas.

Affirmed.

McClellan, J., *dissenting*, holding that the ordinance is a tax on property.