[Feagin, et al. v. City of Attalla.]

# Feagin, *et al.* *v.* City of Attalla.

## *Violating City Ordinance.*

(Decided June 17, 1909.  50 South. 72.)

*Municipal Corporation; Appeals From; Nature.*—Under the act creating the charter of the city of Attalla (Acts 1900-01, p. 943) section 12 thereof expressly clothes appeals from the mayor's court for violation of city ordinances with the character of civil appeals as from judgment rendered by justices of the peace in civil cases, and the only possible judgment on failure of defendant to appear in such case, where he has given an appeal bond to prosecute the appeal to effect or failing therein to pay and satisfy such judgment as the city court might render, is to affirm the judgment of the mayor's court; hence, it was error to interpret the bonds as binding defendant to appear in that court as in criminal cases.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Tim Feagin was tried in the mayor's court in the city of Attalla, and upon conviction appealed to the Gadsden City Court, after executing bond as required by the charter of the city of Attalla. The case was placed upon the criminal docket of the city court, and Feagin failing to appear, the judge declared the bond forfeited and entered judgment accordingly. Defendant and bondsman appeals. Reversed and remanded.

GOODHUE & BLACKWOOD, for appellant. The judgment was not authorized by the bond given.—Sec. 12, Acts 1900-01, p. 943.

ALTO V. LEE, JR., for the appellee. No brief came to the Reporter.

McCLELLAN, J.—The appellant was convicted, in the mayor's court of the city of Attalla, of the violation of a city ordinance. He was fined, and a hard-labor sen-

[Feagin, et al. v. City of Attalla.]

tence was also imposed on him. He appealed from the judgment to the city court of Gadsden, in which court the cause was placed on the criminal docket. The cause being called for trial, the defendant did not appear, and judgment was then rendered for the amount of his appeal bond as upon a forfeiture thereof.

The city court was in error in treating the case as criminal, and also in interpreting the appeal bond as binding the defendant to appear in the city court. So far as is here important, section 12 of the charter of Attalla (Acts 1900-01, pp. 943, 944) expressly clothes such appeals as this with the character of civil appeals from judgments rendered in civil cases by justices of the peace. The appeal bond's conditions are required to be, and in this one were, that the defendant "will prosecute the appeal to effect," or, failing therein, he will "pay and satisfy such judgment. * * * as the city court may render."

Omitting consideration of the question suggested by the placing of this appeal on the criminal docket of the city court, it is evident, from the charter section cited, that upon the failure of the defendant to appear the only judgment possible of rendition by the city court was an affirmance of the judgment entered in the mayor's court. As indicated, the judgment of the city court must be reversed, and the cause remanded thereto.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.