(106 So. 63)

### Ex parte MORRILL–DOYLE REALTY & INS. CO.

### DORLAN et al. v. MORRILL–DOYLE REALTY & INS. CO.

#### (1 Div. 395.)

(Supreme Court of Alabama.   Oct. 15, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Taxation ⬤104 — Tax on commissions of dealer in buying and selling property held justified as ad valorem tax.**

Tax on commissions of dealer in buying and selling property *held* justified as an ad valorem tax on commissions charged and received as property, notwithstanding that tax provided in section 5, subd. (k) of General Revenue Act of September 15, 1919, being tax on gross amount of commissions received by real estate dealer, cannot be justified as privilege or occupation tax for reason that schedule 101 of section 361 makes definite provision for license tax on real estate dealers.

**2. Constitutional law ⬤46(1)—Court cannot declare tax unlawful because of being inequitable, in absence of express or implied constitutional objection.**

If there be reasons why levy of tax on commissions of dealer in buying and selling property should be considered inequitable or unduly onerous, such reasons cannot be availed of by courts to declare such tax unlawful, in absence of some express constitutional objection.

**3. Taxation ⬤54 — Assessment against full amount of commissions received by dealer in buying and selling property held to be an assessment of property according to its value.**

Assessment against full amount of commissions of dealer in buying and selling property, without abatement on account of loss, *held* an assessment of property according to its value and not violative of sections 211 or 214 of Constitution, which provide that taxes shall be assessed in proportion to value and that rate shall not exceed certain amount.

Certiorari to Court of Appeals.

The Morrill-Doyle Realty & Insurance Company sued George A. Dorlan and another, and, from the judgment, defendants appealed to the Court of Appeals. The judgment of the circuit court being there reversed, the plaintiff, Morrill-Doyle Realty & Insurance Company petitions for certiorari to the Court of Appeals, to review and revise its said judgment and decision in the case styled Dorlan et al. v. Morrill-Doyle Realty & Ins. Co., 106 So. 61. Writ denied.

Smiths, Young, Leigh & Johnston and Stevens, McCorvey, McLeod, Goode & Turner, all of Mobile, London, Yancey & Brower, of Birmingham, and James J. Mayfield, of Montgomery, for petitioner.

Gross receipts and gross commissions, while subjects of taxation, are not taxable property, within the meaning of the Constitution and statutes. Western Union v. State Board, 80 Ala. 273, 60 Am. Rep. 99; State v. Ala. F. & I. Co., 188 Ala. 487, 66 So. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; Lott v. Rose, 38 Ala. 156; Board v. A. C. R. Co., 59 Ala. 551; Goldsmith v. Mayor, etc., 120 Ala. 182, 24 So. 509; Capital City W. W. Co. v. Board of Rev., 117 Ala. 303, 23 So. 970. Assessments must be made on the value of taxable property, and all property must be taxed at the same rate. Constitution 1901, §§ 211, 214, 217; Western Union v. State Board, supra.   There being a special provision re-

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

quiring petitioner to pay a license or privilege tax, the provision here in question cannot apply to it. Double taxation is not favored. Acts 1919, p. 430, schedule 101; 25 R. C. L. 1010; Birmingham v. Southern Ex. Co., 164 Ala. 529, 51 So. 159; Herring v. Griffin, 211 Ala. 225, 100 So. 202; Board of Rev. v. Gaslight Co., 64 Ala. 269.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. [1, 2] The opinion of the Court of Appeals in this case has had due attention. This court is of opinion that the correct conclusion has been reached. We think it proper, nevertheless, to say that, while we agree with counsel for appellant that the tax provided by subsection (k) of section 5 of the General Revenue Act of September 15, 1919 (Acts, pp. 282–451), to wit, a tax on the gross amount of commissions charged and received by petitioners, appellees in the Court of Appeals, in their business of buying, selling, and renting real estate on commission, cannot be justified as a privilege or occupation tax, for the reason that schedule 101 of section 361 (page 430) of the same act makes specific and definite provision for a license tax on "each person, firm or corporation engaged in buying, selling or renting real estate on commission" (Birmingham v. Southern Express, 164 Ala. 538, 51 So. 159), nor is the amount of such tax fixed elsewhere than in schedule 101, still we think the tax in question should be justified as an ad valorem tax on commissions charged and received as property— in other words, as a tax on property. It is suggested that the decision in Lott v. Ross, 38 Ala. 156, approvingly referred to in later cases—and in effect repeated in Goldsmith v. Huntsville, 120 Ala. 182, 24 So. 509, among the rest—stands in the way of this conclusion. We do not think so. In that case it was held that a tax upon "the gross amount of sales * * * of merchandise, as provided by section 391 of the Code of that day (1861), was not a tax upon the goods themselves, or the fruits of the sale, but upon the business or act of selling; that therefore the tax there in question was not a property tax, but an occupation or privilege tax, the amount being regulated by the extent to which the privilege has been enjoyed—this conclusion being determined, evidently, by the context in which was found the words quoted above. But no overruling constitutional reason is perceived why the Legislature may not for purposes of taxation treat commissions charged and received during the tax year as property as well as a measure of a license tax. Considering the associates of the term "commissions,"

the other subjects of taxation enumerated in section 5 of the General Revenue Act, all being property within the general acceptance of the word, as well as subjects of taxation, and bearing in mind our obligation to give every member of the statute some meaning, if possible, it appears to be necessary, and not unreasonable, to hold that commissions charged and received on the buying, selling, and renting of real estate were considered as taxable property, not as a mere means of measuring a license tax. There is in the statute no effort to measure the license tax of dealers and brokers in real estate by the amount of commissions earned; the measure adopted is the population of the cities and towns where the business is done. See schedule 101, supra. Such commissions when "charged and received" are property in the hands of the owner (Eliasberg Mercantile Co. v. Grimes, 204 Ala. 492, 86 So. 56, 11 A. L. R. 300), and, if there be reasons why the levy of a tax upon such commissions should be considered inequitable or unduly onerous, such reasons cannot be availed of by the courts to declare such tax unlawful in the absence of some express or necessarily implied constitutional objection. Western Union v. State Board of Assessment, 80 Ala. 273, 60 Am. Rep. 99.

[3] It was said in the case last cited that "gross receipts constitute no measure of value, for they may be large, and yet the business be valueless, by reason of losses, misfortune, or mismanagement," but, accepting that statement at its full value, it by no means follows that an assessment against the full amount of such commissions, without abatement on account of cost, loss, expense, misfortune, or mismanagement, is an assessment of property not according to its value, or violates sections 211 or 214 of the Constitution, which provide, respectively, that all taxes on property shall be assessed in exact proportion to the value of such property, and that the rate of taxation shall not exceed sixty-five one-hundredths of 1 per centum of the value of taxable property within this state—this for the reason that section 5 of the statute does not levy a tax on the business of buying, selling, and renting real estate, but upon the gross amount; that is, the total, of all items of commissions charged and received, each item having its own value as property, whether or not the business in which it is earned be profitable or conducted at a loss.

On these considerations, thus generally stated, this court concurs in the decision of the Court of Appeals in this cause.

. Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.