166 So. 434
**CHERGOTAKOS v. CITY OF GADSDEN.**
7 Div. 150.

Court of Appeals of Alabama.
March 3, 1936.

McCord & McCord, of Gadsden, for appellant.

Albert Rains, of Gadsden, for appellee. Brief did not reach the Reporter.

SAMFORD, Judge.

The ordinance alleged to have been violated is set out in the complaint and it is alleged that said ordinance was violated in the city of Gadsden and within twelve months before the beginning of the prosecution. The maximum speed authorized by the ordinance is twenty-five miles per hour and the allegation is that defendant was driving his automobile at the rate of thirty-five miles per hour.

The complaint filed in the circuit court on appeal from the recorders court meets every ground of demurrer assigned. It may be observed that there is no ground of demurrer raising the question of an authoritative ordination as a rule of conduct in the municipality, as was done in Town of Lineville v. Gauntt, 20 Ala.App. 135, 101 So. 154, and similar cases there cited.

It is insisted that the judgment in the circuit court is void for that there was no sentence following the judgment assessing a fine of $10. On appeal from a judgment of conviction for the violation of a city ordinance, the cause becomes quasi criminal and is triable de novo with the city as plaintiff and the defendant becomes bound for the penalty assessed in the circuit court and judgment may be entered against him for the penalty and costs, instead of the fine or a sentence therefor. Goldsmith v. Mayor and Aldermen of Huntsville, 120 Ala. 182, 24 So. 509; Feagin v. City of Attalla, 162 Ala. 127, 50 So. 72.

The judgment is not void.

We find no error in the record and the judgment is affirmed.

Affirmed.