# Miller *v.* Mayor, etc., of City of Birmingham.

## *Violating City Ordinance.*

### (Decided June 13, 1907. 44 South. 388.)

1. *Jury; Right of Trial by; Violation of Municipal Ordinance.*— Unless the violation of a municipal ordinance would constitute a violation of the criminal laws of the state also, the constitutional guaranty of a trial by jury does not apply.

2. *Municipal Corporations; Ordinance; Reasonableness; Presumption.*—Where a municipal ordinance relates to a subject within the corporate powers, the presumption is indulged that it is reasonable unless it clearly appears on the face of the ordinance itself or is established by proper evidence to be otherwise.

3. *Constitutional Law; Due Process of Law; Equal Protection.*—If the law operates upon all alike and does not subject the individual to the arbitrary exercise of the powers of the government, due process and equal protection of the law is secured.

APPEAL from Jefferson Criminal Court.

Heard before Hon. DANIEL A. GREENE.

George Miller was convicted of peddling milk and butter without a license in violation of a city ordinance, and he appeals. Affirmed.

WILLIAM VAUGHAN, and J. W. DAVIDSON, for appellant.—Paragraph 261 of the city ordinance of the city of Birmingham is not authorized by the charter of the city nor by any general law, and is also violative of articles 11 and 12 of the Constitution of 1901. This ordinance is a revenue tax.—Dillon's Munic. Corp. 768; 36 Am. Rep. 518. The tax was void.—*Kentz v. Mobile,* 24 South. 932; *St. Louis v. Green,* 70 Mo. 562; 35 Am. Rep. 702; *City of St. Charles v. Nally,* 51 Mo. 122. The right of property or business cannot be invaded under

[Miller v. Mayor, etc., of City of Birmingham.]

the guise of police regulation for the benefit of public health or good order.—128 Ill. 455; 21 N. E. 558.

E. D. SMITH, and J. Q. SMITH, for appellee.—A right of trial by jury is not guaranteed for the violation of municipal ordinances.—*Bray v. The State,* 140 Ala. 172; *Frost v. The State,* 124 Ala. 71; *Boring v. Williams.* 17 Ala. 510; *Connelly v. The State,* 60 Ala. 89. The ordinance was within the charter powers and the license in this case can be levied both as a police regulation and for revenue or for either.—*Gambill v. Eldrich Bros. & Marx,* 39 South. 297. The license is not unreasonable from a revenue standpoint.—*Saks v. Birmingham,* 12 Ala. 190. The reasonableness and validity was a question for the court and there was no evidence of its unreasonableness.—*Johnson v. Fayette,* 42 South. 621; *Phœnix Ins. Co. v. Fire Department,* 117 Ala. 631. All presumptions are indulged as to the reasonableness and validity of a city ordinance, if it is within the charter power, and is not bad on its face.—*Van Hook v. Selma,* 70 Ala. 361; *State v. Trenton,* 11 L. R. A. 410; *Adkins v. Phillips,* 10 L. R. A. 168; *Littlefield v. The State,* 28 L. R. A. 588.

HARALSON, J.—The appeal in this case is prosecuted from a judgment of conviction against the defendant for the violation of an ordinance of the city of Birmingham, requiring a license for milk or butter peddlers. The appellant was convicted in the police court, and appealed to the criminal court of Jefferson county, where he demanded a trial by jury, which demand was denied.

The law is well settled in this state that the constitutional guaranty of a trial by jury does not apply to the violation of a municipal ordinance, at least, where such

ordinance is not of itself also a violation of the criminal laws of the state.—*Bray v. State,* 140 Ala. 172, 183, 37 South. 250, and authorities cited.

It is contended that the ordinance requiring a license of $15 for each wagon peddling milk or butter is unreasonable, discriminative and void.

Whenever a question arises as to the reasonableness vel non of a municipal ordinance, which relates to a subject within the corporate jurisdiction, it will always be presumed to be reasonable unless the contrary appears on the face of the law itself, or is established by proper evidence.—*Van Hook v. City of Selma,* 70 Ala. 361, 45 Am. Rep. 85.

Whether this license be regarded as a mere police regulation, or the exercise of the taxing power for the purpose of revenue, certainly it does not appear upon the face of the ordinance itself, that it is at all unreasonable.

We cannot affirm as a matter of law, if it be considered as a police regulation, that the sum of $15 is an exorbitant amount, in a city of the size of Birmingham, for the proper exercise of the police power in the regulation of this necessary article of food which is supplied to its inhabitants. Nor can we affirm, if it be regarded as a source of revenue, that this amount is unreasonable and the evidence in this case does not furnish us any proof tending to establish such a result.

We are inclined to think that the purpose of this license was to obtain revenue rather than to regulate the sale of milk and butter by peddlers.

The appellant introduced in evidence certain other licenses found in the same schedule with the one in controversy—the purpose being, we suppose, to show that the latter was unreasonable. We do not think this evidence can be credited with such result. The fact in evi-

dence that peddlers of furniture, clocks, jewelry, dress goods, etc., are charged the sum of $50 as license, certainly does not tend to show that $15 license for peddlers of milk and butter is unreasonable. The fact that a peddler on foot, of articles not otherwise licensed, is charged with the sum of $10; and a peddler with a one-horse wagon, of articles not otherwise licensed, is charged $20; and a peddler with a two-hourse wagon, of articles not otherwise licensed, is charged $25—rather tends to show that the license of $15 for each wagon peddling milk or butter is reasonable and not discriminative, than otherwise.

We know of no rule of law which prevents a municipality, in establishing a license schedule, from placing peddlers of one article in a class by themselves, while peddlers of other articles are also classified together. It certainly cannot be stated that there is any discrimination against peddlers of milk or butter when they are placed in the same class, and the same license is required of all who are engaged in that particular business.

"Due process of law and the equal protection of the laws are secured if the laws operate upon all alike and do not subject the individual to an arbitrary exercise of the powers of government."—*Duncan v. Mo.,* 152 U. S. 377, 14 Sup. Ct. 570, 38 L. Ed. 485; *Lowe v. Kansas,* 163 U. S. 81, 16 Sup. Ct. 1031, 41 L. Ed. 78.

Nor can this be considered a tax upon persons living beyond the city limits, for the tax is restricted to wagons peddling milk and butter within the limits of the city of Birmingham.

This disposes of all the questions raised by the appellant, and finding no error in the record, the judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.