(108 So. 568)

## BOARD OF COM'RS OF CITY OF MOBILE et al. v. MOORE et al. (1 Div. 412.)

(Supreme Court of Alabama. May 6, 1926.)

1. **Municipal corporations** ⊜═513(2)—**Equity has power to restrain casting of threatened cloud on titles by void local assessment proceedings.**

Court of equity has power, in proper case, to restrain by injunction the casting of a threatened cloud on titles by void proceedings designed to fasten local assessment liens.

2. **Taxation** ⊜═2.

Power of taxation is inherent in government.

3. **Taxation** ⊜═25.

Legislature is vested with all taxing power of state except as limited by constitutional restrictions.

4. **Municipal corporations** ⊜═407(1)—**Constitutional provision held to call for judicial ascertainment of special benefits to each parcel of land derived from improvement (Const. 1901, § 223).**

Const. 1901, § 223, prohibiting assessment against abutting property owners for sewers, streets, and sidewalks, in excess of increased value of property, *held* to call for judicial ascertainment of special benefits to each parcel of lands derived from improvement.

5. **Municipal corporations** ⊜═407(1)—**Statute held not to authorize city bonds to build "white ways," where entire cost was to be assessed against abutting owners (Acts 1923, p. 364; Const. 1901, §§ 211, 223; Code 1923, § 2174 et seq.).**

Acts 1923, p. 364, providing for "white ways"· at expense of abutting property owners, *held* not to authorize city bonds to build such "white ways"· under procedure provided for improvement of streets and sidewalks under Code 1923, § 2174 et seq., where entire cost, without regard to special benefits, was to be assessed against such owners, since they should not pay such cost in excess of increased value of property by reason of the improvement, in view of Const. 1901, §§ 211, 223.

6. **Constitutional law** ⊜═48.

Legislative acts are not to be declared invalid, if by reasonable construction they may be upheld.

7. **Constitutional law** ⊜═70(1)—**Matters not clearly expressed in title of legislative act cannot be inserted by construction (Const. 1901, § 45).**

Though legislative act, original in form and complete within itself, may by reference incorporate remedial or administrative provisions of general laws without offending Const. 1901, § 45, this cannot be done to extent of inserting by construction matters not clearly expressed in title.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Ida Moore and others against the Board of Commissioners of the City of Mobile and others. From a decree on demurrer to the bill, respondents appeal. Affirmed.

The act of the Legislature here involved is as follows:

"An act to authorize municipal corporations having a population of 60,000 or more inhabitants according to the last or any subsequent federal census, to improve streets and sidewalks and sections of streets and sidewalks by the construction of electric lighting systems known as 'white ways,' and to charge the cost, to the property owners abutting on and to which the system known as 'white way' lighting serves in the ornamental decorating and lighting of the street upon which the property butts; provided such lighting system shall not include overhead street lighting; and to provide that such municipal corporations shall maintain such lighting systems after they have been established, and shall pay for the cost of the current and the expense of such maintenance:

"Be it enacted by the Legislature of Alabama:

"Section 1. That municipal corporations in this state, having a population of 60,000 or more inhabitants according to the last or any subsequent federal census, are authorized and empowered to improve streets and sidewalks and sections of streets and sidewalks by the construction of electric lighting systems on or at the sides thereof commonly known as 'white ways,' and to charge the expense thereof; to the property owners abutting on and to which the system known as 'white way' lighting serve in the ornamental decorating and lighting of the street upon which the property butts; provided, however, that the foregoing authority shall not be construed to authorize such municipal corporations to construct overhead lighting systems at the expense of abutting or adjacent property:

"Sec. 2. That all municipal corporations that shall establish and construct electric lighting systems known as 'white ways' on their streets or sidewalks shall thereafter maintain such improvement at the expense of the municipality and shall provide and pay for the necessary current.

"Sec. 3. All laws or parts of laws in conflict herewith, either general or local, are hereby repealed.

"Approved Sept. 19, 1923."

Frank J. Yerger, of Mobile,' for appellants.

The act of 1923 is constitutional. The improvement assessment authorized is not a personal tax, but a tax in rem. Birmingham v. Klein, 89 Ala. 463, 7 So. 386, 8 L. R. A. 369; State v. Pitts, 160 Ala. 146, 49 So. 441, 686, 135 Am. St. Rep. 79. The proceedings by the board of commissioners are valid. Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746. There is no legal requirement of any notice of preliminary ordinances. The notice given was sufficient. Decatur v.

---

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Brock, 170 Ala. 149, 54 So. 209. Mere irregularities of procedure do not furnish ground for injunctive relief. Birmingham v. Wills, supra; Hood v. Bessemer, 213 Ala. 225, 104 So. 325. · It is the imperative duty of the courts to uphold a statute, when it is fairly susceptible of two interpretations, one of which will uphold its constitutionality and the other defeat it. Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45; State v. Pitts, supra.

Smiths, Young & Johnston, of Mobile, for appellees.

Complainants have the right to enjoin the city commissioners from creating a cloud upon their title. High on Inj. § 372; Bank v. Elkins, 165 Ala. 628, 51 So. 821; Joiner v. Glover, 201 Ala. 279, 78 So. 55; King Lbr. Co. v. Spragner, 176 Ala. 567, 58 So. 920. The city has no authority under the act to distribute the proposed expense proportionately to the abutting owners, but would have to charge it to such owners in solido, and without regard to benefits accruing. Birmingham v. Stevens, 167 Ala. 667, 52 So. 590; Colvin v. Ward, 189 Ala. 198, 66 So. 98; Mayor, etc., v. Klein, 89 Ala. 465, 7 So. 386, 8 L. R. A. 369; City Council v. Birdsong, 126 Ala. 651, 28 So. 522. Municipalities have no inherent power to levy assessments for local improvements. Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. ·1915B, 746. The failure of the act to provide for limiting assessment to the special benefit accruing to the property renders it in violation of section 223 of the Constitution. City Council v. Foster, 133 Ala. 597, 32 So. 610; Decatur v. Brock, 170 Ala. 157, 54 So. 209; Hood v. Bessemer, 213 Ala. 225, 104 So. 326; Albany v. Spragins, 208 Ala. 122, 93 So. 803.

BOULDIN, J. The bill is to enjoin local assessment proceedings for the construction of "white ways" on certain streets in the city of Mobile at the expense of the owners of abutting property, to enjoin the letting of contracts therefor, and to enjoin the issuance of bonds for such purpose. The appeal is from a decree overruling demurrers to the amended bill.

[1] Restraining by injunction the casting of a threatened cloud upon titles by void proceedings designed to fasten local assessment liens is the prime purpose of the bill. The power of a court of equity in a proper case to grant such relief is not questioned.

The power of the city in the premises is rested upon an act designed to provide white ways in cities having a population of 60,000 or more. Acts 1923, p. 364. For convenience of reference, the title and body of the act are set out in the report of the case.

The city conceives that under the authority of this act it may proceed in manner provided by general law for the improvement of streets and sidewalks. Code, § 2174 et seq. Accordingly, initial ordinances were passed, plans and specifications prepared, hearing given, final ordinances adopted, bids invited, received, and accepted for construction, and for the issuance of bonds to finance the same.

The bill questions the constitutionality of the enabling act. It further questions the validity of the proceedings as without the scope of the act and in violation of constitutional rights of complainants.

[2, 3] The question of major concern to the parties is the validity of the act involved. Upon this depends the right, by any form of proceeding, to construct white ways at the expense of the owners of abutting property. That the power of taxation is inherent in government, that the Legislature is vested with all the taxing power of the state, save as limited by constitutional restrictions, are elementary principles. Among the known powers of taxation is the local assessment or betterment tax. As to this, like other forms of taxation, we look to the Constitution, not as a grant of power, but for the limitations imposed thereon. Among these limitations is:

"All taxes levied on property in this state shall be assessed in exact proportion to the value of such property." Const. § 211.

In Mayor and Aldermen of Birmingham v. Klein, 89 Ala. 461, 7 So. 386, 8 L. R. A. 369, this provision was declared not an infringement upon the power to make local assessments applied to the betterment of the property taxed. The reasoning of the decision is that the constitutional meaning of tax on property is a tax for authorized public purposes, in which the taxpayer shares as other citizens merely, and that the basis of the local assessment tax is value received by the taxpayer in the betterment of the property assessed. The case, however, involved the assessment of the entire cost of paving against abutting property in proportion to the benefits accruing to the owners.

In City Council of Montgomery v. Birdsong, 126 Ala. 632, 28 So. 522, the court considered the amount of the assessment in relation to the benefits to the property assessed, quoting with approval from Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443, an excerpt closing with this announcement:

"In our judgment, the exaction from the owner of private property of·the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation."

In City Council of Montgomery v. Foster, 133 Ala. 587, 32 So. 610, it was said:

"In Birdsong's Case, supra [126 Ala. 632 (28 So. 522)], these provisions were construed to

authorize the making of such assessments only on a basis of benefits to the property. That construction now prevailing operates to divest this case of the constitutional question discussed in briefs as to whether the Legislature had power to authorize unqualifiedly the imposition on property of the whole or of a given proportion of the cost of such improvements. Here the Legislature has not attempted to exercise such power. * * * The charter has been held by the Supreme Court to mean that the assessment is to be made 'fair and reasonable,' notwithstanding the requirements that it be made by the front foot. But this cannot be held to be the meaning of the ordinance. The ordinance means nothing more nor less than that one-half of the costs of improving the entire street is to be distributed among all the lots fronting upon the street in proportion to their frontage. This is a mere matter of arithmetic. The rule is fixed beyond peradventure, and is arbitrary in the most absolute sense. * * * The foundation of the entire proceeding being a mere nullity, nothing could be built upon it."

In City Council of Montgomery v. Moore, 140 Ala. 638, 37 So. 291, it was declared, upon a review of authorities, to be within legislative competency and expediency to determine whether property abutting on a street will be benefited to the extent of the cost of paving, and to assess the whole cost against the abutting property on a basis of front footage, without provision for judicial ascertainment of the special benefits inuring to the several lots.

[4] Following these decisions came section 223 of the Constitution of 1901, reading:

"No city, town, or other municipality shall make any assessment for the cost of sidewalks or street paving, or for the cost of the construction of any sewers against property abutting on such street or sidewalk so paved, or drained by such sewers, in excess of the increased value of such property by reason of the special benefits derived from such improvements."

By uniform decisions, this section is held to embody the principles suggested in the Birdsong Case, supra, and to call for a judicial ascertainment, by proceedings in rem or otherwise, of the special benefits to each parcel of lands derived from the improvement. Decatur v. Brock, 170 Ala. 149, 54 So. 209; Ex parte Hill, 194 Ala. 559, 69 So. 598; Ex parte Gudenrath, 194 Ala. 568, 69 So. 629; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405; City of Albany v. Spragins, 208 Ala. 122, 93 So. 803; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 435; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

[5] True, section 223 of the Constitution in terms applies to sidewalk and street paving and sewers, but, in view of its history and policy, it manifests a fixed constitutional purpose to limit local assessments for all forms of improvement to the special benefits

accruing therefrom to the several lots. Such tax in excess of benefits to the owner inures to the benefit of the community at large, and becomes subject to section 211, requiring all such tax to be on a basis of value. It may be further regarded as an imposition of a burden upon private property for public use without compensation.

The "White Way" Act now before us, read within its four corners, purports "to charge the cost," as stated in the title, or "to charge the expense," as stated in the body of the act, to "property owners abutting" the owners of abutting property. Not here debating the right to make a local assessment a personal obligation of the owner secured by the ordinary tax lien, the language used does not appear consistent with a system of laws designed to impose a charge on the land alone.

The "cost" or "expense" is treated in solido, one outlay to be paid as declared in the act. Can we, without wresting the language, make it read all or such part of the cost as represents the benefits to abutting property, the residue to become the debt of the city?

That the city authorities construed the act as authorizing an assessment of the entire cost of the improvement to the property, without regard to special benefits, is evidenced by section 2 of the original ordinances, reading thus:

"The cost of said improvement on each of said portions of said streets shall be assessed against the abutting properties on each such portion of said streets, respectively, in proportion to the front footage of said properties abutting on said portions of said streets to be so improved; and the cost assessed against each piece of said abutting property shall be paid off and discharged as in the case of assessments for the cost of street paving."

[6] We have steadily in mind that legislative acts are not to be declared invalid if by reasonable construction they may be upheld.

[7] We further note the rule that an act, original in form and complete within itself, may by reference incorporate remedial or administrative provisions of the general law without offending Const. § 45. Sisk v. Cargile, 138 Ala. 164, 35 So. 114.

Neither of these rules will justify the writing into an act an entire body of laws, substantive as well as remedial, not in any way mentioned or otherwise disclosed as in the mind of the Legislature at the time. Certainly this cannot be done to the extent of inserting by construction matters not clearly expressed in the title; otherwise we would evade one constitutional barrier to encounter another.

Neither the title nor body of the act indicate a purpose to burden the general taxpay-

er with the cost of white ways in excess of benefits to abutting property. That the bonds of the city should be issued without the approval of the voters to cover all such liability as the commission should elect to incur for white ways seems entirely foreign to the act. To so extend it by surmise would be a dangerous judicial precedent.

We find no difficulty in declaring this act carries no authorization of city bonds, as attempted. Without that provision, the act would probably be of little practical value.

We are constrained to hold the act means what it says; is intended as a plenary authorization of the city to install white ways at the sole expense of property owners, in keeping with the rule in City Council of Montgomery v. Moore, supra, which rule does not now obtain.

Affirmed.

All the Justices concur.