H. E. PARMER *et al. v.* DICK LINDSEY, COUNTY COURT
CLERK.*

(*Nashville.* December Term, 1927.)

Opinion filed March 17, 1928.

1. REVENUE ACTS. REPEAL.

The enactment of the General Revenue Act of 1927 operated as a
repeal by implication of a similar Act of 1923. (Post, p. 31.)

Citing: Act 1927, ch. 89; Act 1925, ch. 134; Act 1923, ch. 75;
Zickler v. Union Bank & Trust Co., 104 Tenn. (20 Pick.), 277.

2. REVENUE ACTS. PRIVILEGE TAX. CONTRACTORS. SUB-
CONTRACTORS.

Contractors who are "engaged in performing contracts and sub-
contracts for the construction of parts of buildings;" that is, en-
gaged in the occupation of installing hot air heating systems,
roofing, stonework, brickwork, electric wiring and fittings, and
iron and steelwork, are not liable for a privilege tax imposed by
the Revenue Act of 1927 which imposes a privilege tax on per-
sons or corporations engaged in the general contracting business
of constructing office buildings, etc. (Post, p. 31.)

Citing: Acts 1927, ch. 89, sec. 4.

3. REVENUE ACTS. PRIVILEGE TAX. LEGISLATIVE PRO-
CEDURE. REFERENCE TO PREVIOUS ACTS. CONSTRUC-
TION.

It is a proper method of legislative procedure that a statute refer
to a previously enacted statute for material provisions and a pro-
vision in the Revenue Act of 1927 which imposes a tax upon
all class of persons doing business and liable to the privilege
taxes imposed by the Revenue Act of 1923, under the heading
"Plumbers, Gas Fitters or Steam Fitters," has the same effect as
if the several classes of artisans and mechanics were enumerated
therein, so that, since the express language of the Act of 1927

imposes upon those enumerated the same privilege tax as that imposed upon construction companies, they would be liable for the tax, but since this provision does not include the business of installing hot air heating plants nor the business of electric wiring those so engaged are not liable for the tax. (Post, p. 34.)

Citing: Acts 1923, ch. 75; Acts 1927, ch. 89; Sutherland on Statutory Construction (Lewis 2nd Ed.), vol. 2, sec. 2.

4. REVENUE ACTS. PRIVILEGE TAX. CONFLICT OF LAW.

There is no conflict between the provision of the Revenue Act of 1927 which imposes a tax upon various occupations by reference to the Act of 1923 and the language "This provision shall not apply to the business of subcontracting or contracting for plumbing, heating," etc., the words, "This provision," referring to the tax on construction companies engaged in the general contracting business of constructing certain buildings and certain classes of public works, while the business of plumbers, gas fitters, etc., is taxed regardless of whether the business is carried on with reference to such buildings or public works. (Post, p. 36.)

Citing: Acts 1927, ch. 89, sec. 4.

---

*Headnotes 1. Licenses, 37 C. J., section 67; 2. Licenses, 37 C. J., section 75; 3. Licenses, 37 C. J., section 66; 4. Statutes, 36 Cyc., p. 970; 5. ———; 6. ———; 7. ———.

---

## FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —Hon. JAMES B. NEWMAN, Chancellor.

A. G. EWING and A. G. EWING, III., for complainant.

HORACE OSMENT, County Attorney, and ROY H. BEELER, Assistant Attorney-General, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The bill in this cause was filed under the provisions of the Declaratory Judgment Statute, Acts 1923, chapter 29, to determine whether complainants are liable to the State and County for a privilege tax, imposed by the general revenue act of 1927 (chapter 89, section 4), under the heading "Construction Companies."

(1)  For many years the legislature has enacted general revenue acts from time to time, such as the one under consideration.  The enactment of the General Revenue Act of 1927 operated as a repeal by implication of the similar Act of 1925; and the enactment of the General Revenue Act of 1925 operated as a repeal by implication of the similar Act of 1923.  *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn., 277.

(2)  The privilege tax on construction companies imposed by the Act of 1923 was required to be paid by persons or corporations engaged in the business of constructing office buildings and other works of a public nature.  Public Acts 1923, chapter 75, page 236.

The Revenue Act of 1923 also levied a privilege tax under the heading "Plumbers, Gas Fitters or Steam Fitters."  Under the same general heading a privilege tax was required of the following:

"Asbestos workers, bricklayers, plasterers, structural ironworkers, elevator constructors, lathers, sheet metal workers, painters, slate tile, composition roofers, stone cutters and setters, marble, slate, stone polishers and rubbers, tile and marble setters."

By the General Revenue Act of 1925 (chapter 134), the privilege tax on construction companies was reenacted in substantially the same language as in the Act of 1923, except that the amount of the tax was graduated according to the volume of business done rather than ac-

cording to the population of the county in which the tax was paid, as in the former act.

The Act of 1925 contained a clause providing: "This provision shall apply to the business of subcontracting for the plumbing, heating . . . and all other subcontracting for any part of the construction of any such buildings," etc.

The Revenue Act of 1925 did not reenact the section of the Act of 1923, contained under the heading "Plumbers, Gas Fitters or Steam Fitters;" but there was added, under the heading "Construction Companies," a paragraph providing that the taxes levied on construction companies should be paid by "all that class of persons doing business and liable to the privilege taxes provided under the heading 'Plumbers, Gas Fitters or Steam Fitters' at page 253 of Section 4 of said Chapter 75 of the Public Acts of 1923." By a proviso, this tax was not required of "an individual doing his own contract work and not employing one or more other persons."

The Revenue Act of 1927, now before the court for construction, reenacted the entire section of the Revenue Act of 1925, under the heading "Construction Companies," but instead of imposing the tax on persons and corporations "engaged in the business of constructing," etc., the Act of 1927 imposed the tax on persons or corporations "engaged in the *general contracting* business of constructing," etc. The words "general contracting" were added in the Act of 1927, as descriptive of the kind and character of construction business liable for the tax.

The Act of 1927 also inserted the word *"not"* in the clause taken from the Act of 1925, referring to the business of subcontracting; and this clause was made to

read: "This provision shall *not* apply to the business of subcontracting for the plumbing, heating . . . and all other subcontracting for any part of the construction of any such buildings," etc.

The Act of 1927, under the same heading "Construction Companies," contains the same paragraph as in the Act of 1925, making subject to the tax "all that class of persons doing business and liable to the privilege taxes provided under the heading 'Plumbers, Gas Fitters or Steam Fitters' at page 253 of Section 4 of said Chapter 75 of the Public Acts of 1923."

Complainants describe themselves in their original bill in this cause, as engaged in performing contracts and subcontracts for the construction of parts of buildings; but they deny that they are engaged in the business of general contracting, and assert that they do not take contracts for the entire construction of any building. They are engaged, respectively, in the occupations of hot air *heating,* roofing, stonework, brickwork, *electric wiring and fitting,* and iron and steel work.

The contention of the complainants must be sustained, that they are not liable for the privilege tax imposed by the Act of 1927, as persons or corporations engaged in the general contracting business of constructing office buildings, etc.

We cannot agree with the contention of the County Court Clerk that the word *"not,"* inserted in the paragraph referring to subcontractors, should be disregarded as an inadvertence. Its presence is consistent with the change in the opening paragraph of the section dealing with construction companies, whereby the tax was limited in its application, to persons or corporations "engaged in the general contracting business."

So, we hold that a person or corporation does not become liable for the privilege tax on construction companies by making or performing a contract or subcontract for the construction of a part or certain specified details of a building, not amounting to a contract for the entire construction.

*(3)* This interpretation of the Revenue Act does not, however, relieve the complainants, or all of them, from liability for the privilege tax in question.

The paragraph imposing the tax upon all class of persons doing business and liable to the privilege taxes imposed by the Revenue Act of 1923, under the heading "Plumbers, Gas Fitters or Steam Fitters," has the same effect as if the several classes of artisans and mechanics. enumerated in the designated section of the Revenue Act of 1923 had been again enumerated in the Act of 1927; and the express language of the Act of 1927 imposes upon these enumerated occupations the same privilege taxes as that imposed upon construction companies.

It is a proper method of legislative procedure that a statute refer to a previously enacted statute for material provisions; and the reference to the Act of 1923 is just as effective as if the several occupations and businesses listed under the designated title in the Act of 1923 had again been enumerated in the Act of 1927 as subject to the privilege tax imposed upon construction companies.

This rule of legislative procedure is stated in Sutherland on Statutory Construction (Lewis, 2nd Ed.), vol. 2, section 405, as follows:

"Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been in-

corporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act, and as is applicable and appropriate thereto. Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. Nor will the repeal of the statute so adopted affect its operation as part of the statute adopting it. The effect may be thus comprehensively stated: Where a statute is incorporated in another, the effect is the same as if the provisions of the former were re-enacted in the latter, for all the purposes of the latter statute; and the repeal of the former statute does not repeal its provisions so far as they have been incorporated in an act which is not repealed, where the adoption was for the purpose of providing for a subject-matter not within the original statute. . . . The provision of a repealed act may be adopted, with the same effect as if it was in force.''

It is our conclusion, therefore, that the privilege tax, imposed under the heading ''Construction Companies,'' is to be collected from all persons, firms or corporations engaged in the general contracting business of constructing office buildings, public buildings or other buildings, and the various public works enumerated, when the contracts entered into are for the entire construction; and the tax is also to be collected from all that class of persons enumerated in the Revenue Act of 1923, chapter 75, page 253, under the heading ''Plumbers, Gas Fitters or Steam Fitters,'' including asbestos workers, bricklayers, plasterers, etc., as hereinabove quoted.

This enumeration of taxable privileges does not include the business of installing hot-air heating plants

nor the business of electric wiring, as carried on by the complainants, H. E. Parmer and Ramsey Electric Company, but the several occupations followed by the other complainants, as shown on the face of the bill, are included.

The Chancellor reached the same general conclusion as to the construction of the act, except that his attention was apparently not directed to the fact that the several additional classes of occupations and workers are included in the Revenue Act of 1923, under the heading ''Plumbers, Gas Fitters or Steam Fitters.''

(4) We do not find any necessary conflict in the provision imposing the tax upon the various occupations by reference to the Act of 1923, and the language ''This provision shall not apply to the business of subcontracting or contracting for the plumbing, heating,'' etc. The words ''this provision'' refer to the tax on construction companies engaged in the general contracting business of constructing certain buildings and certain classes of public works, while the business of plumbers, gas fitters, etc. is taxed, regardless of whether that business is carried on with reference to such buildings or public works.

The decree to be entered in this court will contain a declaration that the averments of the bill show the liability of each of the several complainants for the privilege tax described in the bill, except the complainants, H. E. Parmer and Ramsey Electric Company.

### Memorandum for Decree.

The decree of the court will be entered as prepared and submitted by the attorney-general.

The proposed decree, submitted by learned counsel for complainants, does not accord with the opinion heretofore filed by the court, and cannot be entered.

The controversy with regard to the decree involves the construction of that clause of the Revenue Act, under the heading construction companies, beginning ''This provision shall not apply to the business of subcontracting,'' etc.

In the opinion heretofore filed, we said: ''The words 'this provision' refer to the tax on construction companies engaged in the general contracting business of constructing certain buildings and certain classes of public works.'' We construed it to mean that a person, firm or corporation would not be rendered liable for the privilege tax as a construction company by the taking or making of a contract for the construction of only a part of a building; but this clause does not, in our opinion, in any way limit the subsequent provision of the section of the act, by which it is provided that the several enumerated classes of artisans or mechanics should be required to pay the tax.

As the statute is written, a contract may be made for the furnishing and installation of the plumbing or stonework of a building, and the contractor would not be liable for the privilege tax, if he should in turn procure the work to be done by some independent contractor; but if he, through his agents or employees, should undertake to do the work of placing the plumbing or stone in the building, he would be liable for the privilege tax imposed on plumbers and stone setters.

The complainants, who are held liable for the tax in the opinion heretofore filed, do not become liable by taking a contract for the construction of a part of a building, but their liability is rested upon the fact that each of them is engaged in one of the several occupations enumerated as a taxable privilege; and if this taxable privi-

lege is exercised, the fact that the work is done under a subcontract with a general contractor, or under a contract with the owner for the particular part of a building, is not material.