LOUIS KNOX *v.* THE STATE.*

(*Knoxville.* September Term, 1927.)

Opinion filed, May 26, 1928.

**CRIMINAL LAW. ARKANSAS TOOTHPICK. BOWIE KNIFE. DIRK. DANGEROUS WEAPON.**

A defendant cannot be convicted for carrying a knife "which opens and shuts and is not too large to carry in the trousers pocket as pocket knives are ordinarily carried" under the statute which declares it to be a misdemeanor to carry concealed about his person a Bowie knife, Arkansas Toothpick, or other knife or weapon of like form or size.

Citing: Sections 6630 and 6637, Shannon's Code; Haynes v. The State, 24 Tenn. (5 Humph.), 123.

---

*Headnote 1. Weapons, 40 Cyc., p. 863.

---

FROM SHELBY.

---

Appeal from the Criminal Court of Shelby County.—HON. A. B. GALLOWAY, Special Judge.

JOHN E. BELL and EDWIN G. BELL, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The plaintiff in error was tried upon a presentment of three counts for carrying concealed on his person for the purpose of going armed, (1) a crab apple switch, commonly known as an Arkansas Toothpick, a dangerous weapon. (2) A dangerous weapon, to-wit, a dirk. (3) A Bowie knife, Arkansas Toothpick, and other knife and weapon of like shape and size.

Upon the trial of the cause the plaintiff in error admitted that he carried the knife, but insisted that it was a pocket knife in common use, and that he was carrying it without intent to use it as a weapon.

(1) The State relied upon the testimony of a Deputy Sheriff who first qualified by saying that he had great experience in handling weapons, and that the knife exhibited was known as an Arkansas Toothpick. The knife was introduced and made an exhibit and is now before us. As described in the record the knife opens and shuts, and is not too large to be carried in a trousers pocket as pocket knives are ordinarily carried. The record contains no suggestion that it resembles either a dirk or a Bowie knife.

The indictment does not rest upon Section 6637, of Shannon's Code, which makes it a misdemeanor punishable as other misdemeanors, to privately carry any dirk, large knife, pistol, or other dangerous weapon to the fear or terror of any person. It rests upon Chapter 137, Acts of 1837-38, carried into Section 6630 of Shannon's Code as follows:

"Any person who carries under his clothes, or concealed about his person, a Bowie knife, Arkansas Toothpick, or other knife or weapon of like form, shape, or size, is guilty of a misdemeanor, and, upon conviction, shall be fined not less than two hundred dollars nor more

than five hundred, and shall be imprisoned in the county jail not less than three nor more than six months.''

By this Statute the legislature intended to abolish the carrying and use of the Bowie knife and knives of a similar character. The Statute not only made it an offense to carry them but to sell them, and made it a felony, punishable by imprisonment in the Penitentiary, to draw a Bowie knife or other like weapon for the purpose of using it upon another.

As said in *Haynes* v. *The State,* 5 Humphreys, 123:

''The design, meaning, and intent was to guard against the destruction of human life by prohibiting the wearing of heavy, dangerous, destructive knives, the only use of which is to kill; and to hold that it applied to knives used altogether for lawful purposes, and such as peaceable persons, not given to brawling and stabbing, carry in their pockets, would be a violation of sense and of every rule of construction as applicable to statutes of this kind.''

By reference to Webster's New International Dictionary, it may be seen that Arkansas Toothpick is a slang term for Bowie knife.

In Vol. 3 of ''The Americana,'' the Bowie knife is described as a long knife shaped like a dagger, but with only one edge. It is there said its use originated through Col. Bowie of Texas, who having his sword broken to within twenty inches of the hilt, found it so useful as a weapon that he equipped his followers with a weapon of similar design. A detailed story of the origin of the Bowie knife is found at page 44 of Judge William F. Pope's ''Early days in Arkansas.'' He says ''in the minds of some not over well disposed toward our State, the words Arkansas and Bowie knife are synonymous terms, and that the weapon has been classed as an im-

portant part of every Arkansan's personal outfit.'' He then explains that the knife was originally made for use in hunting bear and deer, and later adopted as an offensive and defensive weapon.

Concluding he says, ''the Bowie knife was sometimes called an Arkansas Toothpick, and Arkansas occasionally sneeringly referred to as the Toothpick State.''

In *Haynes* v. *The State, supra,* the facts disclosed that the knife involved was from fifteen to eighteen inches in length, and witnesses testified that it was commonly called a Bowie knife.

The foregoing references clearly show that the Statute under which this conviction rests was not intended to forbid the carrying of knives such as that described by the witnesses who testified in this cause.

Reversed and remanded.