46 So.2d 201

## SMALLEY v. CITY OF ONEONTA.

### 6 Div. 39.

Supreme Court of Alabama.

April 13, 1950.

Rehearing Denied May 18, 1950.

Roy D. McCord and Arthur Burns, of Gadsden, for appellant.

R. G. Kelton, of Oneonta, for appellee.

FOSTER, Justice.

This is an appeal from a conviction of appellant in the recorder's court of the City of Oneonta for the violation of an ordinance of said city fixing a license fee of $35 for the year 1949 for engaging in the occupation of a brick mason within the city limits of Oneonta. Having been so convicted, appellant appealed to the circuit court of the county, and upon his trial the only question presented was whether the ordinance is contrary to the Constitution of the United States and State of Alabama. And that is the only question presented on this appeal.

There are no constitutional provisions referred to other than the due process clause and equal protection clause of the Fourteenth Amendment of the Constitution of the United States and section 6 of the Constitution of Alabama.

The ordinance was enacted by authority of section 735, Title 37, Code, which provides that municipalities may license any vocation, occupation or profession not prohibited by the Constitution or laws of the State and which may be engaged in or carried on in the city, and providing that this power will be used in the exercise of the police power of the city as well as for the purpose of raising revenue.

The argument of counsel for appellant is as though the license in question was an exercise of the police power only for the purpose of policing and regulating the business of bricklayers. There is no justification for such contention in respect to this particular ordinance. Our cases draw a clear distinction between the power of the city in licensing a business within the city limits and that same business when conducted within the police jurisdiction of the city. When it is within the police jurisdiction of the city the legality of the ordinance is controlled by the principles declared in the case of Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85.

There is no reason for the contention that the particular ordinance should be construed upon that basis alone. For, as expressly authorized in section 735, supra, the license tax imposed for doing business in the city may be for revenue as well as for regulation.

Counsel have been unable to find a case where a license tax was imposed upon bricklayers, but we find the case of Parmer v. Lindsey, 157 Tenn. 29, 3 S.W.2d 657, 6 S.W. 2d 318, in which the power to license bricklayers was subject to the same principles as are applicable to other such workmen, including plumbers, gasfitters, plasterers and painters.

In the case of Howard v. Lebby, 197 Ky. 324, 246 S.W. 828, 30 A.L.R. 830, the question related to an ordinance of a city imposing a license tax upon the occupation of house painting, the amount being fixed at $25. The question was whether it was a

license for revenue or regulation or both. The court held that the city had the power to license for revenue and, therefore, it would be treated as a revenue measure since there was no regulation connected with the ordinance. There is no difference in principle on this question between a house painter and a bricklayer, we think.

■ The power of the city to levy a license for policing and regulating in respect to a .useful and harmless occupation is entirely distinct from the power to tax that same occupation for revenue. Of course this cannot be done when the business is conducted wholly without the corporate limits of the city for then it must be for the purpose of policing and regulating that business and for no other purpose. Van Hook v. City of Selma, supra.

■ The State may delegate its power to municipal corporations to license occupations within the limits of the city coextensive with the power of the State to do so and this power is limited only by the due process and equal protection provisions of the Constitution. Osborne v. Mobile, 44 Ala. 493; Capital City Water Co. v. Board of Revenue of Montgomery County, 117 Ala. 303, 23 So. 970; State Tax Comm. v. Bailey & Howard, 179 Ala. 620, 60 So. 913; Board of Com'rs of City of Mobile v. Moore, 214 Ala. 525, 108 So. 568. The due process provision would prevent a license tax either for revenue or regulation to be confiscatory. Equal protection is satisfied when all persons of the same class fairly made are subject to the same amount and terms of such tax law. Miller v. City of Birmingham, 151 Ala. 469, 44 So. 388, 125 Am.St.Rep. 31; Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516; City of Birmingham v. Hood-McPherson, 233 Ala. 352, 172 So. 114, 108 A.L.R. 1140; American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880.

This power to license which the State has and which it has conferred upon cities is not for the purpose of extending a privilege to one to engage in a business in which he does not have the absolute right to do so without such permit. Because the employment is for lawful gain and is a natural and inherent right does not exempt it from being a taxable event. "But natural rights, so called, are as much subject to taxation as rights of less importance. An excise is not limited to vocations or activities that may be prohibited altogether. It is not limited to those that are the outcome of a franchise. It extends to vocations or activities pursued as of common right. What the individual does in the operation of a business is amenable to taxation just as much as what he owns, at all events if the classification is not tyrannical or arbitrary. 'Business is as legitimate an object of the taxing power as property.'" Charles H. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 888, 81 L.Ed. 1279, 109 A.L.R. 1293; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

■ With respect to the amount of the license fee, attention is called to the case of Van Hook v. City of Selma and Miller v. City of Birmingham, supra, in which it was observed that the presumption was indulged that the amount is reasonable unless it clearly appears that it is otherwise. It does not appear in this case to be otherwise.

■ We see no necessity for extending this discussion further in order to reach the conclusion that the ordinance in question is not subject to the attack which is made upon it by this appellant; and that being the only question that is insisted on, the result is that the judgment of conviction should be and is affirmed.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.