This is an appeal by the City of Birmingham from a final judgment on the pleadings which declared Section 4 (a) of the License Code of the City of Birmingham unconstitutionally discriminatory as to The Stacy Williams Company, Inc., a corporation. The judgment also declared that Section 4 (a) excluded from gross receipts of Stacy Williams the Alabama Sales Tax imposed by Article 9 of Title 51, Code 1940, as amended.
We disagree with the trial court on both points and will reverse.
Section 4 (a) provides:
 "* * * Where the amount of the license is based upon the gross receipts, the term `gross receipts,' unless the contrary clearly appears, shall mean the entire receipts of the business, vocation, occupation or profession engaged in, including all receipts from sales regardless of the place where the sale was solicited, or place where the contract of sale was consummated or the place of delivery, and shall include the amount of any federal *Page 610 
excise tax, or any other tax imposed on sales by retailers or wholesalers, except Alabama Sales Tax (as provided in Title 51, Article 10, 1940 Code of Alabama) and Jefferson County Sales Tax (as provided by Act 387, 1965 regular legislative session and Act 405, 1967 regular legislative session) and except Birmingham `Sales Tax' (as provided by Ord. Nos. 64011 and 74-115 as amended) and shall not contemplate any deductions for any purpose not specifically provided for." (emphasis added)
The crux of the controversy is the meaning of the language: "* * * except Alabama Sales Tax (as provided in Title 51, Article 10, 1940 Code of Alabama) * * *", emphasized above.
To understand the controversy only a brief summary of the facts pertinent to this appeal is needed. Stacy Williams Company, Inc., a wholesaler and distributor of tobacco products, is not required to pay the general Alabama Sales Tax imposed by Title 51, Article 10. For the past several years Stacy Williams has deducted from its gross receipts, on which the city business license is computed pursuant to § 239 of the City License Code, the Alabama Sales Tax imposed by Article 9 of Title 51, Code 1940, as amended. It is Stacy Williams' position that § 4 (a) must reasonably be interpreted to include within its exception from gross receipts the Alabama Sales Tax on tobacco products imposed by Article 9. The City of Birmingham opposes that view and asserts that only the Alabama Sales Tax imposed under Article 10 is due to be exempted in computing gross receipts. It accordingly assessed back license taxes and penalties against Stacy Williams for the tax years 1972 through 1976.
Stacy Williams filed this declaratory judgment action to have § 4 (a) construed to entitle it to be permitted to deduct the tax paid under Article 9. The complaint, as amended, charged the City's interpretation of § 4 (a) was erroneous, unreasonable, arbitrary and unconstitutionally discriminatory. The City denied this. Stacy Williams then filed its motion for judgment on the pleadings. The trial court held in its judgment on the pleadings:
 "(1) The defendant's position with respect to Section 4 (a) of the License Code of the City of Birmingham, Alabama, is declared erroneous, arbitrary, unreasonable and unconstitutionally discriminatory.
 "(2) Section 4 (a) of the License Code of the City of Birmingham, Alabama, is declared to intend to, and does, in fact, pursuant to its explicit terms, exclude from the license tax based on gross receipts, imposed by Section 239 of the said License Code, the Alabama Sales Tax as codified in Subdivisions 1, 3, 4, 5, 6 and 7 of Article 9 of Title 51, Code of Alabama, Recompiled 1958, as amended, re-codified, or re-adopted.
 "(3) The plaintiff is declared not liable to the City for any alleged back license taxes or penalties for the years 1972 through 1976.
 "WHEREFORE, It is hereby ORDERED, ADJUDGED AND DECREED that Declaratory Judgment on the Pleadings be and the same is hereby ordered for the plaintiff."
From the entry of the judgment the City perfected this appeal.
The crucial issue presented is whether § 4 (a) of the License Code, as written, excepts the sales tax on tobacco imposed by Title 51, Article 9, Code 1940, as amended, from gross receipts. We conclude it does not.
Our conclusion is based on general principles of statutory construction. When construing a city ordinance courts apply the same rules of construction to municipal ordinances as they do to statutes. American Bakeries Co. v. Opelika, 229 Ala. 388,157 So. 206 (1934); S S Distributing Co. v. Town of New Hope,334 So.2d 905 (Ala. 1976). That is they attempt to determine the intention of the municipal legislative body and apply the ordinance in conformity with its intention. The task is to ascertain and effectuate the intent of the legislature expressed in the statute. Tillman v. Sibbles, *Page 611 341 So.2d 686 (Ala. 1977) and Bagley v. City of Mobile,352 So.2d 1115 (Ala. 1977). This court has said:
 "`* * *. "When the language as used by the lawmakers is plain, it is the duty of the courts to obey; no discretion is left; and courts should not stray into by-paths or search for reasons outside of the plain letter of the law upon which to rely for the purpose of giving a different meaning or interpretation, for `when the language is plain it should be considered to mean exactly what it says.' Little v. Foster, 130 Ala. 154, 163, 30 So. 477. * * *"' Ex parte Bozeman, 183 Ala. 91, 99, 63 So. 201, 203." Kimbrell v. State, 272 Ala. 419, 132 So.2d 132
(1961).
After a careful examination of the language of § 4 (a), we find it to be plain and unambiguous. Under such circumstances the express intent conveyed by these words must be given effect. That intent being that only the "* * * Alabama Sales Tax (as provided in Title 51, Article 10, 1940 Code of Alabama) * * *" is excepted from gross receipts; not the sales tax on tobacco provided for in Article 9 (emphasis added).
Stacy Williams does not disagree with the principles of statutory construction enunciated, however, it would take issue with the conclusion that the language of § 4 (a) is unambiguous. It argues the parenthetical remark: "* * * (as provided in Title 51, Article 10, 1940 Code of Alabama * * *", creates an ambiguity because at the time it was inserted in § 4 (a), Article 10 of the 1940 Code had been expressly repealed; therefore, the parenthetical statement is a nullity. In brief, Stacy Williams cites several cases supporting the proposition that ambiguities in taxing statutes must be interpreted most favorable to the taxpayer. This is correct but inapt.
Although Title 51, Article 10, Code 1940, as formerly written was superseded; the Sales Tax Act of 1959:
 "* * * reenacted section by section, the substance of the then existing sales tax provisions of earlier Acts as embodied in Sec. 752 et seq. [Article 10], Tit. 51 of Alabama code of 1940, and in virtually identical language." Haden v. Lee's Mobile Homes, Inc., 41 Ala. App. 376, 136 So.2d 912 (1961).
The Sales Tax Act took effect on 1 October 1959. Therefore there was in existence an "* * * Alabama Sales Tax (as provided in Title 51, Article 10, 1940 Code of Alabama) * * *", at the time the parenthetical statement was inserted in § 4 (a). This is evidenced by the designation of the Sales Tax Act as Title 51, Article 10, in the 1973 Cumulative Supplement to the Code.
Before concluding, we are compelled to address the constitutional issue implicit in the trial court's judgment: whether the city's position with respect to § 4 (a) denied Stacy Williams equal protection of the laws.
The essence of the theory of equal protection of the laws is that all similarly situated be treated alike. City of Hueytownv. Jiffy Chek Co., 342 So.2d 761 (Ala. 1977). The same principal controls under licensing statutes; equal protection is satisfied when all persons of the same class are fairly made subject to the same amount and terms imposed by such tax laws.Smalley v. City of Oneonta, 253 Ala. 663, 46 So.2d 201 (1950).
Here, the class composed of wholesale tobacco merchants is not denied equal protection of laws because the class as a whole is treated fairly alike; no member of the class is allowed to deduct the sales tax on tobacco as provided in Article 9 from its gross receipts under § 4 (a). We find nothing constitutionally offensive about the City's position.
Accordingly, the judgment of the trial court is reversed and remanded with directions to that court to enter a judgment in conformity with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur. *Page 612