BOWEN, Presiding Judge.
Eighteen-year-old Bill Kim Smelley was adjudicated a delinquent on a charge of carrying a concealed weapon in violation of Alabama Code 1975, § 13A-11-50. From this adjudication of delinquency the juvenile appeals.
On November 26, 1984, Anniston Police Officer Kenneth Bunn received a radio dispatch that two juveniles at Jerry’s Coin Laundry were harassing the customers. Pursuant to an investigative-type stop authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), Officer Bunn frisked Smelley and discovered a lock-blade knife in his right front pocket. The knife, when closed, was approximately six inches long and appeared to be a pocket knife. Officer Bunn testified that the knife was not similar to a bowie knife or a hunting knife.
Smelley was charged with a violation of Alabama Code 1975, § 13A-11-50, which provides that “a person who carries concealed about his person a bowie knife or knife or instrument of like kind or description or a pistol or firearm of any other kind or an air gun shall, on conviction be fined not less than $50.00 nor more than $500.00.” The petition charged Smelley with carrying “concealed about his person a weapon, to-wit: a lock-blade knife, in violation of Title 13A-11-50 of the Code of Alabama....”
In Sears v. State, 33 Ala. 347, 349 (1859), our Supreme Court held:
“It might be, that a knife which in some of its essential particulars, was unlike a bowie-knife, might be a knife of like kind and description with a bowie-knife, within the meaning of section 3273 of the Code [now § 13A-11-50]. But it seems to us impossible to deny the proposition, that a knife which, in all its essential particulars, is unlike a bowie-knife, is not a knife of like kind or description with a bowie-knife.”
In Brewer v. State, 113 Ala. 106, 21 So. 355 (1897), our Supreme Court held that “[a] knife, having the shape of what is commonly known as a ‘butcher’s knife’ ... is a knife ‘of like kind or description’ as a bowie *717 knife, within the intent and meaning” of what is now § 13A-11-50.
A “bowie knife” ordinarily designates a long knife shaped like a dagger but having only one edge, and does not include a knife which opens and shuts and is not too large to be carried in a trouser’s pocket as pocket knives are usually carried. Knox v. State, 157 Tenn. 120, 6 S.W.2d 318, 319 (1928). Commenting on a statute very similar to our own, the Supreme Court of Tennessee stated:
“By this statute the Legislature intended to abolish the carrying and use of the bowie knife and knives of a similar character. ...
“As said in Haynes v. State, 5 Humph. 123:
“ ‘The design, meaning, and intent was to guard against the destruction of human life, by prohibiting the wearing of heavy, dangerous, destructive knives, the only use of which is to kill; and to hold that it applied to knives used altogether for lawful purposes, and such as peaceable persons, not given to brawling and stabbing, carry in their pockets, would be a violation of sense and of every rule of construction as applicable to statutes of this kind.’ ” Knox, 6 S.W.2d at 319.
The “lock-blade” knife in this case was merely a type of pocket knife, the blade of which was capable of being locked open to prevent an accidental or unexpected folding of the blade. It does not fall within the statutory prohibition against carrying a concealed “bowie knife or knife or instrument of like kind or description.” § 13A-11-50.
We note that the State has declined to file a brief in this ease because “it does not appear that the pocket knife found in Appellant’s pocket was a ‘bowie knife of like kind or description.’ ”
The judgment of the circuit court is reversed and this cause is rendered.
REVERSED AND RENDERED.
All Judges concur.